**STATE of Minnesota, on Behalf of Bonnie L. JOHNSON, Appellant,**

v.

**Russell J. HOWELL, Respondent.**

**No. C5–84–1086.**

Court of Appeals of Minnesota.

Dec. 18, 1984.

Gabriel D. Giancola, Barna, Guzy, Merrill, Hynes & Giancola, Ltd., Minneapolis, for appellant.

Richard H. Knutson, St. Paul, for respondent.

Heard, considered and decided by FOLEY, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

FOLEY, Judge.

This is an appeal from an order denying appellant Bonnie Johnson's motion for an amended judgment and decree increasing child support. The trial court denied the motion for an increase, but did order that the judgment and decree be amended to provide appellant an opportunity to request a biennial adjustment of the child support payments to reflect increases in the cost of living. We grant discretionary review and affirm.

## FACTS

This appeal originated out of a paternity action between the parties decided in 1978. The action was prosecuted by the State of Minnesota on behalf of Bonnie Johnson, appellant, against Russell J. Howard, respondent.

In the original action, the trial court found the respondent to be the father of Susan M. Howard. Susan was born on March 3, 1976. The court awarded custody of Susan to the appellant. The respondent was allowed visitation privileges, but was also ordered to provide monthly child support payments of $75.

In April of 1984, appellant moved the court to amend its earlier judgment and decree to increase the child support payments. The basis of the motion was "to increase the child support to a level with the child's needs." The trial court denied the motion, claiming the facts evidenced no finding of changed circumstances sufficient to warrant modification. The trial court did modify the order to allow for a cost of living increase.

## ISSUES

1. Is an order to amend a judgment and decree an appealable order?

2. Did the trial court err in denying appellant's request for increased child support payments, based on its finding that there was not a substantial change of circumstances?

## ANALYSIS

■ 1. In general, an appeal before entry of judgment is premature because a judgment is not effective until entered. *Schaust v. Town Board,* 295 Minn. 571, 204 N.W.2d 646 (1973). The trial court's order to amend a judgment and decree does not preclude entry of a judgment from which an appeal might be taken. Minn.R.Civ.P. 58.01.

■ Appellant cannot appeal an order which is not determinative under Minn.R. Civ.App.P. 103.03(e). The rule provides that a party adversely affected by an order which determines the action may appeal that order. The trial court should have ordered the entry of an amended judgment and decree. In the alternative, the appellant should have applied to the court to order entry or to the clerk to enter an amended judgment.

■ However, in the interests of judicial economy, we have determined to grant discretionary review of the appellant's claims. *See also Kirby v. Kirby,* 348 N.W.2d 392 (Minn.Ct.App.1984).

■ 2. An award of child support payments may only be modified upon a showing of a "substantial change of circumstances from those existing at the time of the dissolution or * * * at the time the award was last modified." *Wiese v. Wiese,* 295 N.W.2d 371, 372 (Minn.1980); Minn. Stat. § 518.64, subd. 2 (Supp.1983). The factors that may be considered in determining whether there has been a "substantial change of circumstances" are changes in earnings, changes in need, cost of living and receipt of public assistance. *Bledsoe v. Bledsoe,* 344 N.W.2d 892, 895 (Minn.Ct. App.1984).

Appellant bases her showing of change of circumstances on two factors. First, appellant contends that the child's needs are greater simply because the child is growing older. Second, appellant contends that respondent is simply in a superior financial position and that he should therefore be required to shoulder more of the burden of the costs of raising the child.

■ The trial court has broad discretion to grant or deny the motion and will not be reversed but for an abuse of discretion in the sense that the order is arbitrary or unreasonable or without evidentiary support. *Smith v. Smith,* 282 Minn. 190, 193, 163 N.W.2d 852, 856 (1968). The trial court has not abused its discretion in this case.

■ Trial courts should modify awards cautiously and only upon clear proof of facts showing that a substantial change of circumstances renders modification equitable. *Ramsay v. Ramsay,* 305 Minn. 321, 322, 233 N.W.2d 729, 731 (1975). Appellant has failed her burden of proof on the issue of changed circumstances. Appellant offered no evidence of any change in the child's needs beyond observing that the child was aging. Furthermore, appellant did not submit evidence that the respondent's financial position had improved aside from noting that respondent was in a superior financial position than appellant. In fact, the trial court found that the respondent's monthly wage in 1984 was less than his wage in 1978, at the time of the judgment and decree.

■ The trial court did not consider the child support guidelines. Minn.Stat. § 518.17, subd. 5 (Supp.1983). The guidelines are inapplicable in a modification case unless the court first finds the substantial change of circumstances required for a modification order. *See Hadrava v. Hadrava,* 357 N.W.2d 376 (Minn.Ct.App.1984). If the trial court finds that it must uphold the original order, there is no need to consider the statutory presumption of child support under the guidelines.

## DECISION

We affirm the trial court's denial of the appellant's motion for an increase in child support. We remand for entry of judgment, as amended by the trial court.