In re the Marriage of Judith A. BLOMGREN, Petitioner, Appellant,

v.

Donald F. BLOMGREN, Respondent.

No. C4–85–1980

Court of Appeals of Minnesota.

May 6, 1986.

---

Andrea K. Niemi, Candace J. Barr, Minneapolis, for appellant.

Walter E. Sawicki, Maplewood, for respondent.

Considered and decided by the court en banc, POPOVICH, C.J., and WOZNIAK, SEDGWICK, LANSING, HUSPENI, FORSBERG and LESLIE, JJ.

## OPINION

LANSING, Judge.

This appeal is from the trial court's findings of fact issued after the remand ordered in *Blomgren v. Blomgren,* 367 N.W.2d 918 (Minn.Ct.App.1985). Appellant Judith Blomgren claims the trial court abused its discretion in refusing to order an increase in child support and include the statutory cost-of-living adjustment. We affirm in part, reverse in part, and remand.

## FACTS

Judith and Donald Blomgren were divorced in January 1972. Child support was stipulated at $153 per month for their daughter, Nancy. At the time his gross annual income was approximately $10,000. On May 31, 1974, upon agreement of the parties, an amended judgment and decree reduced his child support to $95 per month and permitted Judith Blomgren to move with their daughter to Florida. Child support was "strictly conditioned upon [Judith Blomgren's] cooperation with [Donald Blomgren's] rights of visitation."

Judith Blomgren returned to Minnesota in November 1977. She moved for an increase in child support in July 1978. By order of October 3, 1978, the court refused to increase support and set Donald Blomgren's obligation at $45 every two weeks. The court also ordered an automatic review of Donald Blomgren's support obligation in one year. After review in 1979, the court made no change in the support order and ordered another annual review. There was no change after review in 1980, but no further automatic reviews were scheduled.

In May 1984 Judith Blomgren moved for an increase in child support. The trial court denied her motion without findings. This court remanded with directions to make findings on the parties' present net incomes, needs of the child, and whether the changes in these areas made the support order unfair. *See Blomgren v. Blomgren,* 367 N.W.2d at 921. On remand the trial court made findings on their gross incomes but did not decide whether these

changes justified an increase in support. The court ruled only that

> there were no facts presented to this Court justifying any increase of support because of *increased needs of the child, such increase to be * * * determined from the prior Court order of 1980 * *.*

(Emphasis added).

## ISSUES

1. Did the trial court abuse its discretion in denying increased child support?

2. Did the trial court abuse its discretion in denying a consumer price index cost-of-living adjustment?

## I

The statute governing modification of child support provides:

> The terms of a decree respecting * * * support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of public assistance * * *; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any.

Minn. Stat. § 518.64, subd. 2 (1984).

The trial court made findings on changes in the parties' gross incomes from 1980 to 1983. Donald Blomgren's gross income increased from $19,470 to $24,800. Judith Blomgren's gross income in 1980 was unknown, but her gross income in 1983 was $20,138. His homestead is not encumbered and has a market value of $51,500. Her homestead has a mortgage of $46,000 and a present market value of $62,000. The court made no findings on the parties' net incomes or expenses, although this information was available.[1]

On the basis of these findings, the court concluded that the child's needs did not justify an increase in support. The court reasoned:

> The financial resources and needs of the child are under present circumstances much improved from the date of the dissolution because at that time the gross income of [Donald Blomgren] was about $10,000 and of [Judith Blomgren] about $4,800, and the homestead valued at $16,000, and as of 1984 the gross income of [Judith Blomgren] is $20,100 and the home of [Judith Blomgren] is valued at $62,000.

On this record we find two errors that require reversal. First, the trial court measured the change of circumstances from 1980. The court should have looked back to when the support obligation was last modified. *See Wiese v. Wiese,* 295 N.W.2d 371, 372 (Minn.1980); *State on Behalf of Johnson v. Howell,* 359 N.W.2d 629, 631 (Minn.Ct.App.1984); Minn.Stat. § 518.-64, subd. 2 ("The terms of a decree respecting * * * support may be modified upon a showing of [a change of circumstances that] makes the terms unreasonable and unfair").[2] Donald Blomgren's support obli-

---

1. According to interrogatories in the district court file, his net monthly income is $1,448 and his claimed expenses are $1,460. Her net income is $429 every two weeks, or $929 per month, and her claimed expenses are $1,736.

2. The special concurrence interprets *Kiesow v. Kiesow,* 270 Minn. 374, 133 N.W.2d 652 (1965), to mean that in certain fact situations the change of circumstances may be measured from the time of the last order *denying* modification. This is a misreading of the case, which was cited by neither the trial court nor the parties. In *Kiesow* the court was presented with motions to modify child support and alimony. The court measured the change of circumstances for purposes of the child support motion from the time of the last modification, which occurred in 1962. *See id.* at 384, 133 N.W.2d at 660. The court measured the change of circumstances for purposes of the alimony motion from the same time, although alimony had not been modified since the original decree was entered. *Id.* at 385, 133 N.W.2d at 661. The court did so because the "facts upon which either an increase in support money or alimony must rest were fully litigated" at the time of the earlier child

gation was last modified in 1974, when it was reduced from $153 to $95 per month, not because of a decrease in his income, but because of increased visitation costs after Judith Blomgren moved to Florida. In 1974 his daughter was five years old; she was 14 at the time of the hearing in 1984.

▪ Second, the trial court erred in finding the terms of the prior order remained fair because Judith Blomgren was meeting the child's minimum needs and her financial circumstances had improved since the time of the dissolution. The court did not consider the improvement in Donald Blomgren's financial picture in evaluating the fairness of the prior order. An evaluation of the fairness of the original decree requires consideration of both parents' financial resources and their relative contributions to the children's support. *Winter v. Winter*, 375 N.W.2d 76, 80 (Minn.Ct.App. 1985). The child is entitled to enjoy the benefits of the increased income of both her parents. *See Derence v. Derence*, 363 N.W.2d 86, 89 (Minn.Ct.App.1985). The trial court erred in focusing only on Judith Blomgren's ability to meet their daughter's minimum needs.

Finally, the trial court made detailed findings on the number of times Judith Blomgren has been married and divorced (three) and her various accompanying name changes. She is presently unmarried. These findings suggest that the trial court's disapproval of her divorce rate may have improperly influenced the decision to find that the existing level of support remains reasonable.

▪ The increase in Donald Blomgren's gross earnings from $10,000 to $25,000 and the increased needs of the child over the last ten years constitute a substantial change of circumstances that makes his $90 support obligation unreasonable and unfair as a matter of law. The trial court came to a "clearly erroneous conclusion that is against logic and the facts on record." *Moylan v. Moylan*, 384 N.W.2d 859 (Minn.1986).

Judith Blomgren argues that any increase in support should be retroactive because Donald Blomgren failed to comply with previous orders. There is no evidence in the record to support a finding that he has failed to comply since 1983,[3] and we affirm the trial court on this issue.

## II

The trial court initially ordered a cost-of-living adjustment based on actual increases awarded to Donald Blomgren by his employer, rather than an adjustment based on an index recognized in Minn.Stat. § 518.-641, subd. 1 (1984). We ordered the trial court on remand to make findings as to the cost-of-living adjustments in Donald Blomgren's income and to make an order that complies with the statute. In addition, we stated:

> The statute provides a cost-of-living adjustment not merely to reflect an obligor's increase in income, but to meet children's needs which are also rising with inflation. It places a burden on the obligor of producing evidence regarding adjustments in income. * * * It does not

support modification and were therefore *res judicata*. The authorities cited in *Kiesow*, including the A.L.R. annotation quoted in the special concurrence, all support the rule that the change of circumstances is to be measured from the time of the last modification. *See* Annot., 18 A.L.R.2d 10, 13.

More significantly, the language of the modification statute, enacted after *Kiesow*, compels the conclusion that the change is to be measured from the time of the last modification (the "terms" of a decree may be modified when the "terms" become unreasonable and unfair). *See* 1978 Minn. Laws ch. 772, § 59 (codified, with later amendments, at Minn.Stat. § 518.64, subd. 2 (1984)).

3. In 1983 the county moved to collect almost $5,000 in arrearages that accrued after Judith Blomgren moved to Florida. The trial court refused to find any arrearages owed because Judith Blomgren "failed completely to fulfill the condition precedent to Defendant's obligation to make support payments * * * by completely failing to cooperate with the Defendant's rights of visitation." The county did not appeal this order.

permit a conditional order by which the obligor monitors his own compliance.

*Blomgren*, 367 N.W.2d at 921.

■ On remand the trial court found that "[Judith Blomgren] offered no evidence as to the amount of said employment cost-of-living provision being above or below the cost-of-living index in Minn.Stat. 518.641 and made no inquiry thereof on cross-examination of the Respondent or otherwise." The trial court placed the burden of proof on the wrong party. Donald Blomgren, as the obligor, must show why a cost-of-living adjustment should be reduced. He failed to do so.

### DECISION

A substantial change in respondent's earnings and the needs of the child over the last ten years make his $90 support order unreasonable and unfair as a matter of law. On remand the trial court shall set a new support obligation consistent with this opinion. The increase in support shall relate back to October 1984, when the trial court's first order on this motion was filed.

The court shall also determine the appropriate consumer price index to be used in setting respondent's cost-of-living adjustment under Minn.Stat. § 518.641, subd. 1.

Affirmed in part, reversed in part, and remanded.

HUSPENI, Judge (concurring specially).

I agree with the majority that the trial court erred in measuring the change in circumstances under Minn.Stat. § 518.64 (1984) from 1980 instead of from the time of the last support modification in 1974. However, because it is apparent that in measuring the change from the year 1980, the trial court invoked the doctrine enunciated in *Kiesow v. Kiesow*, 270 Minn. 374, 133 N.W.2d 652 (1965), I believe further discussion about why that doctrine is inapplicable here is necessary.

In *Kiesow*, the mother brought a motion in 1957 for increased child support and for an amendment of the original dissolution decree with respect to the title to some real estate owned by the parties. These motions were denied. The mother once again brought a motion for increased child support and a change in title in 1962 and once again her motion was denied. Finally the mother brought a third motion in 1963 for increased child support and alimony and a change in title. The trial court found a substantial change in circumstances and granted the mother's motion increasing child support and alimony obligations.

The supreme court held that the change in circumstances should be measured from the time of the 1962 order, by applying the rule that:

An order denying a motion to increase or reduce alimony or support money or granting it is an appealable order. The order, being appealable, becomes final upon the expiration of the time for appeal, and the facts litigated and determined therein, after a hearing, are not open to relitigation on a subsequent motion, at least in the absence of fraud or some exceptional circumstance.

*Id.* at 380–81, 133 N.W.2d at 658 (footnotes omitted).

The supreme court noted that application of this rule to motions for increased support and alimony meant that:

"Where there have been one or more previous decisions on motions for modification of a decree, the question whether there has been a substantial change in the circumstances of the parties is determined with respect to the period commencing with the date of the most recent order on a motion for a modification and not with respect to the time since the original decree was entered."

*Id.* at 382, 133 N.W.2d at 659 (quoting Annot., 18 A.L.R.2d 10, 18–19 (1951)). This approach to successive motions for increased support and alimony was intended to promote the policy that:

Parties should not be subject to harassment, at the whim of a divorced spouse, by successive motions involving fact issues once determined. When fact issues are fully and fairly determined at a hearing where both parties have had their

day in court, the determination should be final.

*Id.* at 383, 133 N.W.2d at 659.

In the present case, a motion for increased support was brought in September 1978. In an October 1978 order, the court itself mandated respondent's reappearance in March 1979. In April 1979 the court again ordered respondent to reappear in April 1980. The 1978–80 appearances resulted in a denial of the motion for increased support.[1] Also, the county attorney represented appellant in the 1978–80 hearings, and it is not clear from the record whether that appearance was on behalf of appellant personally or on behalf of the welfare authority. Finally, it is not clear from the record whether the motion for increased support was litigated during the 1978–80 hearings. Therefore, under the facts of this case it would be improper for the trial court to limit its consideration of whether there had been a sufficient change in circumstances to that period of time after 1980.

Even though the *Kiesow* rationale is inapplicable in this case, a troubling question still remains. Does *Kiesow* have *any* continued validity in view of the ruling in *Wiese v. Wiese,* 295 N.W.2d 371 (Minn. 1980), cited by the majority?

In *Wiese* both parties brought post-decree motions for modification over a period of time. In reversing a trial court's award of increased alimony the supreme court observed that:

> [A]n award is to be modified only upon clear proof of facts showing a substantial change of circumstances from those existing at the time of the dissolution or * * * at the time the award was last modified.

*Id.* at 372. *Kiesow* is not cited by the *Wiese* court. It may be argued that because both parties in *Wiese* brought motions after their marriage dissolution, the *Kiesow* policy discouraging harassment by one party was inapplicable.

The best interests of children in receiving increased support would be served by permitting a trial court to measure a change in circumstances from the date of the last modification (*Wiese*) rather than from the date the issue was last before the court, whether or not a modification resulted (*Kiesow*). The *Wiese* rationale permits children to benefit from several incremental changes, any one of which upon motion was found insufficient to increase support, but the cumulative effect of which may indeed be substantial. Ultimately, however, despite reservations about the policy set forth in *Kiesow,* I am not certain but that there could be fact situations in which the *Kiesow* rationale would still apply.

POPOVICH, Chief Judge (concurring specially).

I join in the special concurrence of Judge Huspeni.

WOZNIAK, Judge (concurring specially).

I join in the special concurrence of Judge Huspeni.

---

1. In 1978 the trial court altered respondent's payment schedule from $95 per month to $45 every other week. The dollar modification was, of course, extremely minor.