In re the Marriage of Larry Allen **HUCKBODY**, Petitioner, Respondent,

v.

Yvonne Marie Huckbody **FREEBURG**, Appellant.

No. C3–86–71.

Court of Appeals of Minnesota.

June 3, 1986.

James P. Fossum, Legal Aid Services of Northeastern Minnesota, Brainerd, for respondent.

Mark L. Rodgers, Kief, Fuller, Baer, Wallner & Rodgers, Ltd., Bemidji, for appellant.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Yvonne Freeburg appeals contending the trial court erred in: (1) setting child support at $425 per month based on respondent's net monthly income; (2) denying arrearages; (3) requiring her to submit bi-monthly affidavits verifying the children were living with her; and (4) failing to include wage withholding language in the order. We affirm in part, reverse in part, and remand.

## FACTS

The parties were divorced in 1973 and respondent Larry Huckbody was awarded custody of two minor children. The children remained with respondent until 1983 when one of them began living with appellant. In January 1984, the other child also moved in with her. Both parties are now remarried and have children by second marriages.

On February 11, 1985, appellant moved for custody and child support. A hearing on that motion and other motions by both parties was held on October 7, 1985. The court gave custody of the children to appellant and awarded respondent visitation rights; child support was set at $425 per month.

The court also concluded (1) respondent owed no arrearages and was not entitled to any retroactive child support from appellant, (2) the parties were responsible for one-half the children's medical and dental expenses not covered by respondent's insurance, and (3) appellant was ordered to certify by affidavit every two months that the children remained with her.

While the trial court made no express findings in its order, a memorandum did explain the court's reasoning:

The Court has determined that the income of Mr. Huckbody is $36,039.97 but with deductions for federal and state taxes, Social Security and union dues reducing that sum to $26,046.22 per year, resulting in a net income per month of $2,170.51. There are four children, which puts the support rate from the Minnesota Child Support Guidelines at 39 percent or $846.49. One half of that sum for the two children in question here would be $423 which the Court has rounded off to $425 per month.

The Court is simply starting with a new slate at this time for support. There are pros and cons about whether or not the arrearage has been paid or whether there is some due or whether Mr. Huckbody should be getting a refund. The Court is simply not going to grant any refunds and is not going to grant any arrearage because I think Mr. Huckbody has dealt in a reasonably fair manner with his children and with Mrs. Freeburg. He has paid sums far in excess of what was provided because he has paid additional medical bills and has cared for the children for years without being reimbursed in any fashion whatsoever himself by Mrs. Freeburg. The amount in controversy is very minimal and the Court is simply not going to find Mr. Huckbody in Contempt of Court either.

\* \* \* \* \* \*

The Court also is obligating Mrs. Freeburg to prepare an affidavit every two months to show that the children continue to live with her. In light of the problems with prior affidavits and the veracity of those statements within the affidavits, this does not seem unreasonable.

## ISSUES

1. Did the trial court abuse its discretion by determining respondent's child support obligation based on his net monthly income without making express findings?

2. Was the denial of arrearages an abuse of discretion?

3. Did the trial court abuse its discretion by ordering appellant to certify by

bi-monthly affidavit that the children continued to live with her?

4. Did the trial court err by not including wage withholding language in its order?

## ANALYSIS

1. The trial court's order was issued on January 13, 1986. Neither the parties nor the court could have known that on April 11, 1986 the Minnesota Supreme Court would rewrite established procedure in child support cases. *See Moylan v. Moylan,* 384 N.W.2d 859 (Minn.1986). Under the holding in *Moylan,* a trial court must make specific findings of fact on a number of statutory factors before setting a child support award:

> If a trial court gives no findings as to the basis for a child support award, the court's judgment will be without foundation. We therefore require that in all child support cases not involving public assistance, the trial court must make specific findings of fact as to the factors it considered in formulating the award. This rule applies regardless of whether the award deviates from the child support guidelines in Minn.Stat. § 518.551, subd. 5. In cases which do involve public assistance payments, any deviation from the child support guidelines should be accompanied by express findings supporting the deviation.

The findings should take into account "all relevant factors including":

> (a) The financial resources and needs of the child;
> (b) The financial resources and needs of the custodial parent;
> (c) The standard of living the child would have enjoyed had the marriage not been dissolved;
> (d) The physical and emotional condition of the child, and his educational needs; and
> (e) The financial resources and needs of the noncustodial parent.

Minn.Stat. § 518.17, subd. 4. In so doing, the court must recognize that the amounts set up in the child support guidelines take into account the following factors:

> (1) all earnings, income, and resources of the obligor including real and personal property;
> (2) the basic living needs of the obligor;
> (3) the financial needs of the child or children to be supported; and
> (4) the amount of the aid to families with dependent children grant for the child or children.

Minn.Stat. § 518.551, subd. 5. The court will thus have to balance all of these factors in the findings before determining the appropriate amount of child support in each case.

*Id.* at 863.

▆▆ The trial court did not specify which of these factors it considered or what conclusion it drew from any particular factor. Under *Moylan,* the foundation for the court's child support order is inadequate and must be remanded for specific findings and balancing of the relevant statutory factors. *See id.* at 863–64.

Because of our decision, and in light of *Moylan,* we need not address appellant's contention the trial court erred in calculating the applicable percentage level under the child support guidelines.

2. Appellant also challenges the trial court's factual finding regarding respondent's net income. A child support obligation must be based upon an obligor's "net monthly income." *See* Minn.Stat. § 518.551, subd. 5 (1984). "Net monthly income" is defined as "total monthly income" less certain allowable deductions such as federal and state taxes and union dues. *See id.*

▆▆ The trial court determined respondent's net monthly income was $2170.51 based on a paycheck stub and other documentary evidence. Because the trial court relied solely on documentary evidence, we need accord no deference to that determination. *See Letourneau v. Letourneau,* 350 N.W.2d 476, 479 (Minn.Ct.App.1984).

Based on all income actually received during a 26-week period ending June 16, 1985, respondent's net monthly income is:

| | | |
|---|---|---|
| Gross Wages | | $16,094.84 |
| Union Wages | | 922.36 |
| | | 17,017.20 |
| Federal Taxes | $2,133.06 | |
| State Taxes | 1,150.45 | |
| Social Security | 1,134.69 | |
| Union Dues | 93.15 | |
| | | 4,511.35 |
| Year-to-date net income: | | 12,505.85 |
| NET MONTHLY INCOME: | $2,084.30 | |

The difference between our computation and the trial court's finding is minimal; the finding is not clearly erroneous and is accordingly affirmed. *See* Minn.R.Civ.P. 52.01.

3. Appellant next contends the trial court abused its discretion by denying her motion for child support arrearages under the temporary order of April 3, 1985. She claims "it is undisputed" respondent owes $625 for a missed payment in March and an underpayment in July. Respondent testified he did not pay $500 in March because he thought the temporary order required child support to begin in April. The temporary order was not amended to reflect a March 1 starting date until June 5, 1985. Respondent withheld $125 in July because one of the children was in a treatment program for six weeks and had not lived with appellant; respondent's insurance paid for the cost of treatment. Respondent apparently made all other child support payments as ordered.

The trial court is accorded great deference in deciding whether to forgive arrearages. *See Eckholm v. Eckholm*, 368 N.W.2d 386, 390 (Minn.Ct.App.1985). If a determination has a reasonable and acceptable basis in fact, the trial court must be affirmed. *Taflin v. Taflin*, 366 N.W.2d 315, 318 (Minn.Ct.App.1985) (citing *DuBois v. DuBois*, 335 N.W.2d 503, 507 (Minn. 1983)).

Here the trial court denied both appellant's arrearages and respondent's mo-

tion for retroactive support (for the 11-year period when he had custody and appellant paid no support). The trial court considered and denied both motions in order to "start with a clean slate." Under the facts of this matter, which has been before the same trial court on numerous occasions since 1973, we find no abuse of discretion.

4. Appellant also contends the trial court abused its discretion in ordering her to submit a bi-monthly affidavit verifying the children remained with her. She argues the affidavits impose an unnecessary burden on her right to collect child support. Respondent sought monthly affidavits to avoid paying appellant support for children who were in fact living on their own. While a de facto change in custody may not relieve respondent of his obligation to pay child support, *Tell v. Tell*, 383 N.W.2d 678 (Minn.1986), he is entitled to know the whereabouts of his children.

We find no abuse of the trial court's broad, equitable power to fashion such appropriate relief. *See Scott v. Scott*, 373 N.W.2d 652, 654 (Minn.Ct.App.1985).

5. Respondent concedes the trial court erred by failing to include the wage withholding language of Minn.Stat. § 518.-611 in its order. Where an obligee requests such a provision in a support order, a trial court *shall* grant the request. *Hadrava v. Hadrava*, 357 N.W.2d 376, 380 (Minn.Ct.App.1984); *see* Minn.Stat. § 518.-611, subd. 1 (1984). The trial court's order denying appellant's motion for a wage withholding provision is reversed. Upon remand, the trial court must include the requested statutory language in the support order.

## DECISION

The trial court's finding on respondent's net monthly income was supported by the documentary evidence. However, the trial court did not make required findings on

essential statutory factors and the matter is remanded for reconsideration in light of *Moylan.* The trial court did not abuse its discretion in denying arrearages or by ordering appellant to submit bi-monthly affidavits. The trial court erred in denying appellant's motion to include the statutory wage withholding provision in the child support order.

Affirmed in part, reversed in part, and remanded.