In re the Marriage of Cathy Falkowski
WICKS, f.k.a. Cathy Jean Falkowski,
petitioner, Appellant,

v.

Jon Stanley FALKOWSKI, Respondent.

No. C1–86–411.

Court of Appeals of Minnesota.

Oct. 7, 1986.

Patrice K. Sutherland, Inver Grove Heights, for appellant.

James P. Michels, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and SEDGWICK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Following modification of a divorce decree in 1985, appellant Cathy Falkowski Wicks received permission to remove her

children from the state, with respondent Jon Stanley Falkowski assuming all visitation costs. In 1986 Cathy petitioned the trial court for increased child support, a contempt citation for non-payment of child support, and an entry of judgment for support arrearages. The trial court denied the increase in support, denied the contempt citation, denied Jon's request for support reduction, and entered judgment for $520 of the support arrearages in 1985.

## FACTS

The parties' marriage was dissolved in November of 1977. Appellant Cathy Falkowski Wicks was awarded custody of the couple's two children and support of $300 per month per child.

In 1984 Cathy, without the consent of the court or Jon, moved the children to Chicago. In March 1985 the parties stipulated that Cathy could remove the children from Minnesota and Jon would pay all visitation expenses. An amended judgment and decree was entered May 16, 1985, which restated the original terms and incorporated the agreement. Cathy and the children then moved to Atlanta.

In February 1986 Cathy moved for an increase in child support and a judgment for $4,210 in support arrearages. Cathy claims that Jon's monthly gross income has increased from $3,328 in 1977 to an annual gross in excess of $100,000. Cathy claims that since 1977 her child-related expenses have risen from $1,477 per month to $3,800 per month.

Cathy also claims that Jon has failed to pay support for the summer months, during which time the children reside with him, and a seven month period when his son lived with him at Cathy's request.

Jon counters that he and Cathy had an oral agreement that he need not pay child support while the children were with him. He claims her increased expenses are the result of her voluntary moves from Minnesota to Chicago to Atlanta. Jon alleges he pays all of the children's medical, dental and clothing bills and that the children's visitation expenses now exceed $2,400 a

year. Jon calculates his monthly income to be $4,079. Jon requested a reduction in child support.

## ISSUES

1. Did the trial court abuse its discretion in denying increased child support?

2. Did the trial court abuse its discretion in forgiving child support arrearages accruing prior to the 1985 modification of the dissolution?

## ANALYSIS

### I.

#### Child Support

The statute governing modification of child support provides that:

The terms of a decree respecting * * * support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of [public] assistance * * * or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any.

Minn.Stat. § 518.64, subd. 2 (1984). After determining the existence of any of the above circumstances, the court must then consider factors required by the legislature to determine whether the change has made the order unreasonable and unfair, and if so, what modification the court should make. *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn.1986).

The trial court has broad discretion in deciding whether to modify a child support order. The appellate court will reverse for an abuse of that discretion only where it finds a "clearly erroneous conclusion that is against logic and the facts on the

record." *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984).

■ In considering a modification of child support, the court must measure the change in circumstances from the last time the support obligation was modified. *Blomgren v. Blomgren*, 386 N.W.2d 378, 380 (Minn.Ct.App.1986). Cathy argued that the change in circumstances should be measured from the time of the original order in 1977. Jon responds that any change must be measured from the 1985 amended decree which allowed Cathy to remove the children from the state and placed on him the burden of increased visitation expenses of $75 to $200 per month (depending on whose figures are used). We compare to *Blomgren* wherein the husband's support obligation was decreased to reflect the increased costs of visitation following his ex-wife's and daughters' move to Florida. 386 N.W.2d at 381. Here significant visitation expenses were imposed on Jon, with no corresponding reduction in support payment, thus effectively increasing his child-related expenses. Hence, the last support modification occurred in 1985. There being nothing in the record to indicate any significant change in income or need of either party between 1985 and 1986, no further modification was required in 1986.

■ The trial court's findings do not specifically indicate from which date it based its finding of no change in circumstance. But even if viewed from 1977, there was considerable dispute over the existence of changes in income of both parties, and whether the children's expenses had increased.[1]

Because of this dispute we cannot say it was clearly erroneous for the trial court to conclude there was no substantial change in circumstance even if the time frame was between 1977 and 1986.

## II.

### Arrearages

■ The trial court has broad discretion in forgiving arrearages and will not be reversed unless the order is arbitrary, unreasonable or without evidentiary support. *Bledsoe v. Bledsoe*, 344 N.W.2d 892, 895 (Minn.Ct.App.1984). *See also Eckholm v. Eckholm*, 368 N.W.2d 386, 390 (Minn.Ct. App.1985); *Huckbody v. Freeburg*, 388 N.W.2d 385, 389 (Minn.Ct.App.1986). The trial court in this case found that the parties, by separate agreement, waived any child support, up to the time of the stipulation entered into by the parties in March 1985. The arrearage claimed by Cathy corresponds directly to the summer months that the children and the seven months that their son spent with Jon. No objections were made by Cathy until 1986 when she moved for increased support and arrearage payment. Under these circumstances, the trial court's decision is not arbitrary or unreasonable and therefore must be affirmed.

## DECISION

The trial court's decisions to deny an increase in child support and forgive arrearages are not arbitrary, unreasonable or without supporting evidence and are affirmed.

Affirmed.

1. Cathy claims Jon's income has tripled and that her expenses are two and one-half times what they were in 1977. Jon admits his income has increased some, but not to the degree alleged by Cathy. He also claims that Cathy's increased expenses are largely a result of her two moves, the voluntary addition of a mortgage payment (which accounts for over one-third of her claimed expenses and which is largely her new husband's responsibility) and her own mismanagement of funds.