Roger S. Van Heel, Stearns Co. Atty., Richard J. May, Asst. Co. Atty., St. Cloud, for petitioner, respondent.

Harold R. Wingerd, St. Paul, for appellant.

Considered and decided by CRIPPEN, P.J., FOLEY and LESLIE, JJ., with oral argument waived.

**In re the MARRIAGE OF Wendy Lynn LOCKHART, Petitioner, Respondent,**

v.

**Richard Michael LOCKHART, Appellant.**

**No. C9–86–1807.**

Court of Appeals of Minnesota.

May 12, 1987.

### OPINION

FOLEY, Judge.

This appeal is from an order denying the former husband's motion to decrease his child support obligation. We affirm.

### FACTS

Appellant Richard Michael Lockhart and respondent Wendy Lynn Lockhart were married in 1978 and divorced in May 1985. Pursuant to stipulation, respondent received physical custody of the parties' two

sons born. Appellant, who is a seasonally employed laborer, agreed to pay $390 per month when employed (from April 1 to November 30 of each year), and $230 per month when not employed and receiving unemployment compensation (from December 1 to March 31 of each year).

In November 1985, respondent voluntarily gave appellant physical custody of the parties' oldest son.

Appellant thereafter moved to modify the original custody and support provisions. In April 1986, the trial court issued an order awarding appellant physical custody of the oldest son and decreasing his support obligation for the younger child to $226 per month when employed and to $100 per month when unemployed. This award reflects consideration of the child support guidelines for two children, or 30% of appellant's net income when employed divided by two to account for his physical custody of one child.

Four months later, appellant again moved to decrease his support obligation, to $100 per month when employed and to be suspended when unemployed. Comparing appellant's current income and expenses with his income and expenses in April 1986, the trial court found "[t]hat there has been no substantial decrease in [appellant's] income nor a substantial increase in [appellant's] needs" and denied the motion. This appeal followed.

## ISSUE

Did the trial court abuse its discretion in finding no substantial change in circumstances which would justify a decrease in appellant's child support obligation?

## ANALYSIS

■ Modification of child support orders "lies in the broad and sound discretion of the trial court, and an appellate court will reverse for an abuse of that discretion only where it finds a 'clearly erroneous conclusion that is against logic and the facts on

1. Expenses previously considered by the trial court in modifying support in April 1986 include a bank loan of $115 per month, a personal allowance of $100 per month, and his child

record.'" *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn.1986) (quoting *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984)). That discretion must be exercised within the confines of Minn.Stat. § 518.64, subd. 2 (1986), which authorizes modification upon a showing of substantially changed circumstances that render the terms of the prior decree unreasonable or unfair.

■ Based on the evidence presented, the trial court found that when child support was last modified in April 1986, appellant's net income was $1,519.32 per month when employed and $988 per month when unemployed. In contrast, appellant currently earns $1,390 when employed and $892 when unemployed. These findings indicate that appellant's income has decreased slightly since April 1986, when his current support obligation was set. *See Blomgren v. Blomgren*, 386 N.W.2d 378, 380 (Minn.Ct.App.1986) (change of circumstances measured from time when support obligation last modified).

The trial court's findings further establish that appellant's reasonable expenses have changed little since April 1986 when they were estimated at $1,277.73. Although appellant asserts that his current expenses have increased to $1,771.85 per month, the trial court rejected a number of items claimed and calculated his "reasonable needs and the needs of his son" to be $1,280.65.

Appellant contends that in denying his present motion to decrease child support, the trial court erred in excluding certain expenses that it had previously allowed in April 1986.[1] We disagree. The trial court is not bound by the fact it considered these allowable expenses in April 1986. Because appellant has failed to show a substantial change of circumstances making the prior award unreasonable and unfair, we affirm the trial court's refusal to reduce his child support obligation.

support obligation of $226 per month. In connection with this motion, the trial court also excluded a claimed expense of $50 per month for attorney's fees.

## DECISION

Affirmed.

CRIPPEN, J., concurs specially.

CRIPPEN, Judge, concurring specially.

Based on a hearing in August 1986, the trial court found appellant had reasonable monthly expenses of $1,280.65. These expenses were listed in the trial court findings, and the court also listed the expenses appellant had at the time of the earlier court order, issued in April 1986. The August list includes over $400 that was not included in the April list, including modest increases on five items of expense, and three new expense items. The court excluded approximately $430 expenses from the August list that had been included in the April list, so that the total of two lists is almost the same.

Appellant contends that whether he has experienced a substantial change in circumstances cannot be determined by comparing the total August expenses with the total April expenses. If the April list were reduced by $430, to eliminate the same items left off the August list, his April expenses would have been less than $850. Appellant would compare this reduced April list with the August list to show that his reasonable monthly needs had increased by over $400.

Appellant's analysis of his increased expenses appears to be reasonable. Nevertheless, it is evident that the trial court specifically looked at appellant's current expenses, as well as those he had reported earlier, and the trial court went on to find that appellant's increase in needs had not been substantial and that the prior order remained fair. There is ample evidence of record to support these trial court findings.

Viewed most favorably to the trial court's findings, there is nothing compelling in the record to refute the decision that appellant's circumstances had not deteriorated so drastically in four months that a modification of his obligation was appropriate.