**In re the Marriage of Marilyn MURRAY, Petitioner, Respondent,**

v.

**Richard H. MURRAY, Appellant.**

**No. CX–86–1797.**

Court of Appeals of Minnesota.

May 26, 1987.
Review Denied July 22, 1987.

Robert M. McClay, Paul D. Nelson, St. Paul, for respondent.

Craig W. Gagnon, Madge S. Thorsen, John C. Goodnow, Minneapolis, for appellant.

Considered and decided by HUSPENI, P.J., and STONE and MULALLY, JJ.,* with oral argument waived.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

BRUCE C. STONE, Acting Judge.

This is an appeal from an order affirming the referee's order which increased appellant's support obligations. Appellant contends the trial court erred in affirming the order increasing his support payments because the trial court and the referee incorrectly measured the change of circumstances and did not follow Minn.Stat. § 518.64, subd. 2 (1986).

We disagree and affirm.

## FACTS

The marriage of appellant Richard H. Murray and respondent Marilyn Murray was dissolved pursuant to a stipulated judgment and decree in November 1971. Respondent was awarded custody of the parties' four children, whose ages now range between 17 and 25. Appellant's child support obligation was set at $125 per month per child until the child reached age 21 or became emancipated. As additional child support, appellant agreed to pay for the children's college educations at a Minnesota State public school, or at a private college to be agreed upon by appellant. Appellant was also ordered to pay respondent maintenance of $750 per month plus 15% of his gross income over $45,000.

In 1974, respondent remarried and the parties negotiated an amendment to the original decree. A stipulated order dated December 6, 1974 terminated appellant's maintenance obligations and increased his child support obligations to $250 per month per child until age 18. Respondent apparently agreed to lower the age of child support termination from 21 to 18 after her attorney advised her that recent legislative changes reducing the age of majority mandated a similar reduction in the age of child support termination. The 1974 order did not alter the education provisions contained in the original decree.

In January 1981, the trial court found appellant had child support arrearages of $12,000 from the time of the original decree through September 1979 and ordered appellant to make payments on the $12,000 in $150 monthly installments contemporaneously with his regular support payments.

Respondent sought clarification of appellant's child support obligations in December 1982. The trial court issued a stipulated order on March 28, 1983, which details appellant's support obligation to the children while enrolled in college.

In March 1985 respondent moved for an order increasing support in accordance with the guidelines contained in Minn.Stat. § 518.551 (1984) and also requested a judgment against appellant for nonpayment of the $12,000 in arrearages. Respondent's motion came before a referee who denied her motion for an increase in child support based upon his finding that no change in circumstances had rendered the March 1983 order unreasonable and unfair. Further, the referee granted respondent judgment against appellant for the $12,000 arrearages, and his recommended order was affirmed by a judge on September 10, 1985.

Respondent then moved the district court for review, seeking modification of the referee's recommended order. Another judge remanded for further consideration in accordance with the, then recent, decision of *Winter v. Winter*, 375 N.W.2d 76 (Minn.Ct. App.1985). On remand, the referee's successor referee concluded that the terms of the existing order were unreasonable and unfair under *Winter*; that the needs of the children greatly exceeded the contributions of appellant; and, that respondent has no income to contribute to the children's needs outside of her present husband's income. By order dated July 11, 1986, the successor referee recommended an upward modification of appellant's support obligations providing:

    \*     \*     \*     \*     \*     \*

2. [T]he Order dated December 6, 1974, and \* \* \* the Order dated March 28, 1983 are hereby amended to read in part:

A. As and for child support, Respondent shall pay to Petitioner the sum of $2,100 per month for support of the children of the parties under the age of 21 years as of May 1, 1985, said payments to commence May 1, 1985, and

payable on the first day of each month thereafter until August 1, 1986, at which time Respondent's child support obligation shall be $1,800 per month, payable on the first day of August, 1986 and on the first day of each and every month thereafter until October 1, 1987, at which time Respondent's child support obligation shall be $1,500 per month, payable on the first day of October, 1987, and on the first day of each and every month thereafter, and continuing until the youngest child of the parties reaches ages 21, or until each child is earlier emancipated, or until further Order of this Court.

He further concluded that the 1974 order was void insofar as it reduced the age at which support would terminate from 21 to 18.

In assessing appellant's increase in income, the successor referee measured the increase from the date of the original decree, although he recognized that two intervening orders affecting child support had been entered. He did not measure appellant's increase in income from these later orders because those orders (1974 and 1983) were not based upon the modification factors of Minn.Stat. § 518.64, subd. 2 (1986). His findings further stated that appellant's increase ($35,000) in income was substantial even if measured from the 1983 order, and his recommended order was judicially approved.

On review of the July 1986 order, the trial court noted that the determination that the 1974 order reducing the age support termination to 18 was void raised a number of disturbing issues. However, it did not feel compelled to address these issues because the now existing circumstances made the terms of the 1974 order unreasonable and unfair in any event. By order dated September 23, 1986 the trial court affirmed the recommended order of July 11, 1986, which in turn had incorporated portions of the order dated September 10, 1985, because it could find no basis for concluding that the findings and recommended orders were in error. This appeal followed.

## ISSUES

1. Did the trial court abuse its discretion in affirming the referee's recommended order to increase appellant's child support obligations?

2. Did the trial court abuse its discretion in affirming the $12,000 judgment entered against appellant?

## ANALYSIS

1. Appellant contends the trial court abused its discretion when it affirmed the referee's recommended order increasing his child support obligations. Appellant supports his position by arguing that the referee and trial court erred in measuring the change of circumstances under Minn.Stat. § 518.64, subd. 2 from the date of the original decree even though two subsequent orders had been entered.

Minn.Stat. § 518.64, subd. 2 states:

The terms of a decree respecting * * * support may be modified upon a showing of [a change of circumstances that] makes the terms unreasonable and unfair.

The referees and the trial court measured the parties' change of circumstances from the date of the original decree, and not from either of the subsequent orders, because those orders were not issued after consideration of Minn.Stat. § 518.64, subd. 2. The 1975 order reflected a quid pro quo for the termination of maintenance and did not alter appellant's total support obligation. The 1983 order clarified appellant's support obligations but was not premised upon the statute.

In *Martin v. Martin*, 382 N.W.2d 920, 922 (Minn.Ct.App.1986), this court stated that:

[T]he trial court, in its discretion, properly looked at the totality of circumstances going back to the original decree. This is consistent with the statute's requirement that the terms of the original decree be unfair in order to modify child support. Minn.Stat. § 518.64, subd. 2.

(Footnote omitted.) Although *Martin* does not specifically address measuring the

change of circumstances from the date of the original decree where a subsequent order has been entered, we cannot say that the trial court's date of measurement represents grounds for reversal.

The two intervening orders did not increase appellant's overall support obligations because maintenance had been eliminated. Thus it is necessary to go back to the original decree in order to examine the totality of the circumstances. *See Blomgren v. Blomgren*, 386 N.W.2d 378, 380 (Minn.Ct.App.1986) (change of circumstances measured from date of subsequent order which decreased support obligations); *Wicks v. Falkowski*, 394 N.W.2d 209 (Minn. Ct.App.1986) (change of circumstances measured from date of amending order because amending order effectively increased overall support obligations).

Furthermore, the trial court found that a change of circumstances had occurred even if measured from the date of the last intervening order. The record supports the trial court's conclusion that a substantial change has occurred, whether measured from the date of the original decree or the date of the last order.

Appellant also contends the trial court's affirmance of the successor referee's recommended order represents an abuse of discretion because any increase in his income or the children's needs does not make his present support payments unreasonable and unfair. Appellant concedes that he has experienced a substantial increase in income since the date of the original decree and the 1974 order. The record, which includes appellant's tax returns and affidavits, indicates he had income as follows:

| Taxable income: | 1971 | $ 18,100 |
| | 1972 | $ 39,486 |
| | 1973 | $ 42,022 |
| | 1974 | $ 33,083 |
| Gross income: | 1975 | $100,000 |
| | 1980 | $215,000 |
| | 1983 | $290,000 |
| | 1984 | $325,000 |

This increase clearly supports the trial court's determination that appellant's present support obligations are sufficiently low as to be unreasonable and unfair and the record further supports the trial court's finding that appellant's increase in income from the date of the last order also makes his support payments unreasonable and unfair.

■ The statute governing modification of child support contains a two part test and states:

The terms of a decree respecting * * * support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance * * *; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. * * * On a motion for modification of support, the court shall take into consideration the needs of the children and shall not consider the financial circumstances of each party's spouse, if any.

Minn.Stat. § 518.64, subd. 2. The custodial parent need only show the presence of one of the four factors (change of circumstances) in Minn.Stat. § 518.64, subd. 2 to satisfy the first element of the test. *Bodmer v. Pattie*, 383 N.W.2d 14, 17 (Minn.Ct.App. 1986). The second element (unreasonableness and unfairness) may be established by a substantial increase in the non-custodial parent's income. *Vitalis v. Vitalis*, 363 N.W.2d 57, 59 (Minn.Ct.App.1985). Under Minn.Stat. § 518.64, subd. 2, the second element needed for child support modification is that the change of circumstances renders the terms of a decree unreasonable and unfair. *See Derence v. Derence*, 363 N.W.2d 86, 88 (Minn.Ct.App.1985).

■ Appellant has had a $35,000 increase in income (from $290,000 to $325,-000) since the March 1983 order. Furthermore, the trial court's modification order reflects consideration of respondent's financial circumstances and the increased educational needs of the children. *See Heaton v. Heaton*, 329 N.W.2d 553, 554 (Minn. 1983). The trial court is provided broad discretion in granting or denying motions

to modify child support orders. *Derence,* 363 N.W.2d at 88. Whether measured from 1971 or from 1983, the trial court's modification decision has a reasonable basis in fact and principle and is in accordance with the child support guidelines contained in Minn.Stat. § 518.551 (1986). Therefore, we cannot say the order increasing appellant's support obligations represents an abuse of discretion.

Appellant further argues that the trial court erred in affirming the conclusion that the 1974 stipulated order was "void" insofar as it reduced the age of support termination from 21 to 18. Although the 1974 order is not "void," the parties' agreement to reduce the age of child support termination is not necessarily binding. The original decree gave the trial court jurisdiction over the children until age 21. *See Winter v. Winter,* 375 N.W.2d 76 (Minn.Ct. App.1985). Subsequent stipulations affecting the non-bargainable rights of children are advisory and do not limit the trial court's discretionary power to determine whether a future change of circumstances requires revision. *See Kaiser v. Kaiser,* 290 Minn. 173, 186 N.W.2d 678 (1971). *See also Brugger v. Brugger,* 303 Minn. 488, 229 N.W.2d 131 (1975) (reduction in age of majority has no retroactive effect on child support provisions); *Tammen v. Tammen,* 289 Minn. 28, 182 N.W.2d 840 (1970) (agreements between parents affecting rights of minor children to support are not binding on the courts). Examining all of the facts and circumstances, we cannot say that the trial court's order, affirming the recommended orders, represents an abuse of discretion.

2. Appellant also contends that the trial court abused its discretion by affirming the judgment entered against appellant for child support arrearages. Appellant contends he overpaid his college expense obligations and intended for the excess payments to be applied against the amount in arrears. This same argument was presented before the referees and they concluded, and the trial court agreed, that it was inappropriate to offset any overpayments against previous established arrearages. These matters should have been negotiated before and not after payment. In deference to the referees and trial court who heard the testimony and examined the evidence, we affirm the judgment entered against appellant.

### DECISION

The trial court did not abuse its discretion in modifying appellant's child support payments or in affirming the judgment entered against him.

Affirmed.