In re the Marriage of Gregory A. McCLENAHAN, Petitioner, Appellant,

v.

Melissa J. WARNER, Respondent.

No. C3–90–1225.

Court of Appeals of Minnesota.

Oct. 30, 1990.

Gregory A. McClenahan, Minneapolis, pro se.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Thomas L. Johnson, Hennepin County Atty., Jay L. Arneson, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by DAVIES, P.J., and LANSING and LOMMEN *, JJ.

## OPINION

LANSING, Judge.

Gregory McClenahan appeals the increase of his child support payments under a cost-of-living adjustment and the imposition of automatic income withholding. We affirm.

## FACTS

Gregory A. McClenahan and Melissa J. Warner dissolved their marriage on December 24, 1987. The court granted sole custody of the parties' child to Warner and ordered McClenahan to make monthly child support payments of $687.00 directly to Warner. The order also provided for biennial adjustment of child support under Minn.Stat. § 518.641.

In December 1988, Warner enlisted Hennepin County Support and Collections Services to help obtain the support payments. In March 1989, Hennepin County Support and Collections Services notified McClenahan that his child support would be increased by $64.00 per month to reflect an increase in the Minneapolis–St. Paul consumer price index for all urban consumers (CPI–U) from 1987 to 1989.

McClenahan requested a hearing to challenge the cost-of-living increase. He argued that: (1) the cost-of-living adjustment should not be applied because he would be required to pay more than provided by the

support guidelines; (2) he had an insufficient increase in income to warrant a cost-of-living adjustment; and (3) the appropriate CPI–U is that of the child's residence, Roanoke, Virginia.

The court rejected his arguments against the cost-of-living increase, but granted his informal motion to apply a more appropriate CPI–U. The court ordered McClenahan to pay $51.00 more in monthly child support to reflect a one-year, 7.44 percent increase in the CPI–U for the Washington D.C. area, a cost-of-living index which the court found more appropriate for Roanoke. McClenahan filed a motion for reconsideration. The court affirmed the previous order and also ordered income withholding.

## ISSUES

1. Do the support guidelines of Minn. Stat. § 518.551 apply to cost-of-living adjustment proceedings under Minn.Stat. § 518.641?

2. Did the trial court err in ordering a 7.44 percent cost-of-living increase in McClenahan's child support payments?

3. Did the court err in ordering income withholding?

## ANALYSIS

### I

An order for child support must provide for biennial cost-of-living adjustments based on an appropriate consumer price index. Minn.Stat. § 518.641, subd. 1 (1988). Section 518.641 makes no reference to the child support guidelines contained in Minn.Stat. § 518.551.

McClenahan argues, however, that the section 518.551 guidelines implicitly apply to cost-of-living adjustments. He bases his argument on *Moylan v. Moylan*, 384 N.W.2d 859 (Minn.1986). In *Moylan*, the Minnesota Supreme Court held that the support guidelines contained in section 518.551 must be considered in "all child support modification proceedings." *Id.* at 864.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

■ We reject this argument. First, a cost-of-living adjustment under section 518.641 is not a child support modification proceeding. Cost-of-living adjustments occur automatically every two years so long as the conditions of section 518.641, subd. 2 are met and the obligor does not request a hearing. The purpose of the automatic increase is to meet the child's needs as they rise with inflation. *Blomgren v. Blomgren*, 386 N.W.2d 378, 381–82 (Minn.App. 1986). The court's discretion is limited to granting or denying a cost-of-living adjustment. This limitation on discretion serves the statutory purpose of providing a quick response to the child's increased needs.

■ Modification proceedings, on the other hand, relate to motions claiming that the support amount itself has become unreasonable and unfair. The court has broad discretion to make any order which it might have made in the original proceedings. It can grant a wide range of relief, including reduction in child support, allocation of tax exemptions, and assignment of responsibility for medical insurance and medical expenses.

Cost-of-living adjustments under section 518.641 and support modification proceedings under section 518.64 fulfill different purposes and provide different types of relief. Giving the court extensive discretion to reevaluate the section 518.551 guidelines to apply a cost-of-living adjustment would lengthen the process and defeat a timely response to the impact of inflation.

Second, the supreme court's analysis in *Moylan*, relating to modifications, cannot be applied to the cost-of-living adjustment language of section 518.641. *Moylan* interpreted the language of section 518.64 to incorporate the support guidelines because a modification proceeding encompasses the subject matter of the original proceeding in which the court is required to apply the guidelines. Section 518.641 contains no comparable language giving the court broad discretion to "make any order which it might have made in the original proceeding."

## II

■ If the obligor establishes an insufficient cost-of-living or other increase in income that prevents fulfillment of the adjusted support obligation, "the court *may* direct that all or part of the adjustment not take effect." Minn.Stat. § 518.641, subd. 3 (1989) (emphasis added). McClenahan, as the obligor, had the burden of showing why the cost-of-living adjustment should be reduced. *See Blomgren*, 386 N.W.2d at 382. McClenahan admitted that his net income had increased, but argued that his expenses had increased even more.

■ Taking into account McClenahan's "total financial situation," the court concluded that McClenahan did not have an insufficient increase in income that prevented fulfillment of his support obligations after the cost-of-living adjustment. This decision was within the trial court's broad discretion and was not a "clearly erroneous conclusion that is against logic and the facts on record." *Moylan*, 384 N.W.2d at 864 (citing *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984)).

■ After determining that McClenahan had sufficient income to support a cost-of-living increase, the court took judicial notice that the Bureau of Labor Statistics CPI–U for Washington, D.C. from January 1988 to January 1989 was 7.44 percent. It noted that the CPI–U for Minneapolis–St. Paul for the same period was 7.47 percent.

Although the original order provided for biennial adjustments based on the Minneapolis–St. Paul CPI–U, McClenahan asked the court to select a more appropriate CPI–U based on the child's residence, Roanoke, Virginia. McClenahan neither requested a specific CPI–U to be used, nor submitted any information to the court. The court selected the Washington, D.C. CPI–U and McClenahan now argues that this selection was error. He contends that the trial court should have adopted the South–Size Class "C" Cities CPI–U as a more appropriate index.

We acknowledge that the Washington, D.C. CPI–U is not the most appropriate cost-of-living index to apply to Roanoke,

Virginia.[1] We do not believe, however, that the trial court's selection of the Washington, D.C. CPI–U offends the statutory standard. Section 518.641, subd. 1 gives the court discretion to select a cost-of-living index which it finds is "more appropriate" than the Minneapolis–St. Paul CPI–U; it does not require the court to select the *most* appropriate cost-of-living index. Given McClenahan's failure to submit any information to the court, the court did not abuse its discretion by applying the Washington, D.C. CPI–U rather than the Minneapolis–St. Paul CPI–U.[2]

### III

When the trial court ordered mandatory income withholding in November 1989, the following statute was in effect:

> [W]henever an obligation for child support or maintenance, *enforced by the public authority,* is initially determined and ordered or modified by the court in a county in which this section applies, the amount of child support or maintenance ordered by the court *must* be withheld from the income, regardless of source, of the person obligated to pay the support.

Minn.Stat. § 518.613, subd. 1 (1989) (emphasis added).

The 1987 version of this section further provided:

> For purposes of this section, "modified" does not mean a cost of living adjustment without any other modification of the support order.

Minn.Stat. § 518.613, subd. 1 (1987). Since this language was removed by the legislature in 1988, section 518.613 should be interpreted as applying to cost-of-living adjustments. Thus, when the court ordered the cost-of-living adjustment in November 1989, income withholding was mandatory because Hennepin County Support and Collections was enforcing the support order. Therefore, the trial court did not err in ordering income withholding.

### DECISION

The trial court did not err in ordering a 7.44 percent cost-of-living increase in McClenahan's child support payments or in requiring income withholding. We reject McClenahan's argument that the support guidelines contained in Minn.Stat. § 518.551 apply to cost-of-living adjustments under Minn.Stat. § 518.641.

Affirmed.

---

1. The Bureau of Labor Statistics recommends applying the U.S. Average CPI–U to Roanoke, Virginia because its sample size is much larger and it has a smaller margin of error than the South–Size Class "C" cities' CPI–U.

2. The difference between the Washington, D.C. CPI–U (7.44%) and the Minneapolis–St. Paul CPI–U (7.47%) is minute. By applying the Washington, D.C. CPI–U, the court lowered McClenahan's payments by $0.21 a month, or $2.52 annually.