**In re the Marriage of Judith Jean MARTIN, n.k.a. Judith Jean Brown, Petitioner, Appellant,**

**v.**

**Michael Charles MARTIN, Respondent.**

**No. C8–86–1345.**

Court of Appeals of Minnesota.

Feb. 24, 1987.

John E. MacGibbon, Elk River, for appellant.

Ronald G. Black, Elk River, for respondent.

Heard, considered, and decided by PARKER, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

HUSPENI, Judge.

Judith Jean Martin, now known as Judith Jean Brown, appeals from a July 7, 1986, order of the trial court modifying a dissolution decree to require her to pay child support commencing on January 17, 1986. She argues that the trial court failed to make adequate findings and that the court erred in ordering a retroactive modification of the decree.[1] We affirm.

---

1. Respondent attempts to raise the issue of division of property relating to appellant's car. However, review was not properly sought by filing a notice of review. Minn.R.Civ.App.P. 106, *Alvord v. Alvord,* 365 N.W.2d 360, 362–63 (Minn.Ct.App.1985). We decline to grant discretionary review.

## FACTS

The marriage of appellant and respondent Michael Martin was dissolved by decree entered on January 25, 1982. By stipulation, the parties agreed to joint legal custody of their two children, ages fifteen and thirteen at the time of the dissolution, including a provision that the children would reside with respondent in the family home. No child support was awarded. At the time of the dissolution, appellant was employed part-time and earned $2,500 per year. Respondent was employed as a truck driver, and his net income was $20,000 per year.

Appellant later became employed full-time, at an annual salary of $25,500. In 1985, respondent's net income was frozen for a three year period at $20,045. On May 3, 1985, he moved for child support for the parties' youngest son, now a senior in high school, who became 18 years of age on October 6, 1986.

In August of 1985, appellant quit her job to return to school on a full-time basis. On December 16, while she was still in school, an evidentiary hearing on the motion for child support was held. She received her degree in December of 1985, and returned to full-time employment on January 1, 1986. The court issued its findings and order on January 17, and, based upon evidence from the December evidentiary hearing, temporarily denied respondent's motion. The court also ordered that when appellant returned to full-time employment, she was to pay support according to the statutory child support guidelines.

Appellant sought discretionary review of the order, contending it was vague and failed to specify her obligations. Review was denied by this court on March 11, 1986, with the observation that respondent had filed a motion with the trial court requesting that the amount of appellant's child support obligation be set. Following a hearing on that motion, the trial court issued findings and an order on July 7, 1986. The court found appellant had returned to work, and had a net annual income of $18,560.88. The court set the support at $386 per month, an amount determined in accordance with the child support guidelines. The court further ordered that the support obligation commenced on January 17, 1986, the date of its order that appellant pay child support according to the guidelines when she returned to work.

## ISSUES

1. Are the trial court's findings sufficient to support a modification of child support obligations?

2. Did the trial court err in ordering a retroactive modification of child support?

## ANALYSIS

### I.

Minn.Stat. § 518.64, subd. 2 (Supp. 1985) allows modification of child support upon a showing of substantially increased earnings of a party which makes the terms of the original decree unreasonable and unfair. This court has held that it is within the trial court's discretion to find a substantial change in circumstances where one party's income increased by fifteen percent. *Mackin v. Mackin*, 392 N.W.2d 5, 7 (Minn.Ct.App.1986). Here, the trial court found that appellant's annual income increased from $2,500 to a net income of $18,560.88. The trial court acted within its discretion in finding a substantial change in circumstances.

However, whether such a change makes the original decree unreasonable and unfair requires consideration of other factors, including respondent's needs and the needs of the child. *Id.* at 8. Findings on the needs of the child and the parties' living expenses are required to ensure that the court considered all relevant factors. *Thompson v. Thompson*, 392 N.W.2d 661, 663 (Minn.Ct.App.1986). Where the court only makes findings on net income of the parties at the time of the decree and modification, the findings are inadequate, *Berg v. Berg*, 393 N.W.2d 40, 41 (Minn.Ct.App. 1986).

Here, in addition to making findings on net income, the trial court also found:

That [appellant's] financial resources have increased substantially since entry of the Judgment and Decree, while [respondent's] financial resources have remained relatively constant. [Respondent's] needs have increased due primarily to his wage freeze, combined with increased costs as demonstrated by the increase in the Minneapolis/St. Paul Price Index.

That the needs of the parties [sic] minor child are usual and ordinary for a child his age. The child has no independent financial resources of his own.

That in consideration of [appellant's] increased income and [respondent's] increased need, a substantial change in circumstances of the parties as [sic] occurred, in light of which payment of no support is now unreasonable and unfair.

While the findings do not include details of expenses of respondent and the child, they do indicate that the needs of the child and respondent's expenses were considered in determining that the terms of the decree are unreasonable and unfair. *See Moylan v. Moylan*, 384 N.W.2d 859, 863 (Minn. 1986).

■ As did the trial court, we find it significant that the decree provided that appellant had no child support obligation. Non-custodial parents have an obligation to commit a certain amount of their income to their children. *Quaderer v. Forrest*, 387 N.W.2d 453, 455–56 (Minn.Ct.App.1986). Children should enjoy the benefits of the increased household income of both of their parents. *Derence v. Derence*, 363 N.W.2d 86, 89 (Minn.Ct.App.1985). As we have noted:

The child support payment guidelines and the factors listed in Minn.Stat. § 518.17(4) (Supp.1983) clearly reflect a legislative determination that children are entitled to benefit from the income of the non-custodial parent and to enjoy the standard of living that they would have had if the marriage had not been dissolved. Conversely, the Legislature determined that the non-custodial parent has an obligation to commit a certain

amount of income to his/her children as a priority over other expenses.

*Letourneau v. Letourneau*, 350 N.W.2d 476, 478 (Minn.Ct.App.1984). This policy applies whether the decision to require child support payments is made in the decree or in a modification after the non-custodial parent's income has substantially increased. The trial court did not abuse its discretion in finding it unreasonable and unfair for appellant to be free from child support obligations despite her substantially increased income.

Appellant argues that her stipulated freedom from support obligations should continue because it was bargained for in exchange for her agreement that respondent and the children could continue to live in the family home. In initially considering respondent's motion, the trial court noted that respondent was not represented by counsel when entering into the stipulation. In view of the stipulation, the court reserved jurisdiction and allowed respondent to schedule an evidentiary hearing before deciding whether to modify the stipulated decree. The modification was ordered following the hearing.

■ Although a stipulation is one factor to be considered in modification motions, child support "relates to nonbargainable interests of children and is less subject to restraint by stipulation than are other dissolution matters." *Maxson v. Derence*, 384 N.W.2d 583, 585 (Minn.Ct.App.1986). Under the circumstances of this case, it was in the best interests of the child and within the trial court's discretion to establish a support order notwithstanding appellant's interpretation of the parties' stipulation.

## II.

■ An increase in support cannot be made retroactive if the obligor has substantially complied with the previous order. Minn.Stat. § 518.64, subd. 2 (Supp.1985). Appellant states that she had complied with the previous order which imposed no child support obligation, and we concur. However, we cannot agree with appellant's allegation that the trial court created a

retroactive child support obligation when it provided in its July 7, 1986, order that support was to commence the previous January 17.

The January 17, 1986 order had required commencement of support payments when appellant became employed. She had, in fact, returned to work on January 1, a circumstance not reflected in the January 17 order, which was based on a December 16 evidentiary hearing. When respondent subsequently moved the court to set a specific support amount, it issued its July 7 order, reiterating the January 17 findings, adding a finding on appellant's income, setting specific support, and providing that payments were to commence January 17, the date of the order which first recognized appellant's support obligation.

 Orders made effective as of the first hearing date in a modification matter are not retroactive within the meaning of the modification statute. *Alvord v. Alvord*, 365 N.W.2d 360, 363 (Minn.Ct.App. 1985). Nor is backdating a child support increase to the date appellant moved for a continuance. *Krogstad v. Krogstad*, 388 N.W.2d 376, 382 (Minn.Ct.App.1986). The court's reliance on a date of a prior order does not indicate a retroactive modification.

The modification here is not retroactive, and the court did not err in ordering that appellant's child support obligations commenced on January 17.

## DECISION

The court did not abuse its discretion in ordering appellant to make child support payments according to the statutory guidelines, and ordering payments to commence on January 17, 1986, was not a retroactive modification.

Affirmed.