**In re the Marriage of: Michael Raymond RICKETSON, petitioner, Appellant,**

v.

**Carol Lynn RICKETSON, Respondent.**

**No. C4–86–1200.**

Court of Appeals of Minnesota.

March 17, 1987.

Clyde C. Ahlquist, Roseville, for appellant.

Robert J. Monson, St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Michael Raymond Ricketson appeals from a judgment increasing his child support obligation. He claims the trial court's decision is not supported by sufficient findings of fact under *Moylan v. Moylan*, 384 N.W.2d 859 (Minn.1986). We reverse and remand for additional findings.

## FACTS

The parties' marriage was dissolved on November 26, 1979. Pursuant to the judgment and decree the trial court awarded respondent Carol Lynn Ricketson custody of the parties' two minor children and ordered appellant Michael Raymond Ricketson to pay child support in the amount of $78.00 per month. The child support was modified after appellant became employed. A March 6, 1980 order excused support arrearages from November 26, 1979 to February 11, 1980 and reset support payments at $54.17 per month until January 1, 1981 after which payments were raised to $86.67 per month.

On September 24, 1984 respondent moved for modification of child support payments. Appellant responded by moving the court to dismiss respondent's motion and award attorneys' fees. Both respondent and appellant filed affidavits in support of their respective positions. No transcript was made, but appellant did prepare a statement of the proceedings pursuant to Minn.R.Civ.App.P. 110.03. The hearing referee was unavailable for evaluation of this statement and it was never approved.

The trial court found that at the time of the original decree respondent was earning $654.59 per month and receiving AFDC. The court further found that she is now earning approximately $980.00 net income per month. The court indicated that respondent "originally claimed that her monthly expenses for herself and two children were $848, but later modified the same to $1,392, in that her original statement was based on one-half expenses." The court additionally found that respondent presently is residing with a person who receives a weekly gross income of $220. With respect to appellant, the court found that at the time of the first modification he was earning $688.00 per month. The court ultimately found:

4. That the [appellant] is now employed earning a monthly net income of $1,081. He is living with a woman, with whom he has had two children, since entry of the Decree and former order. The person with whom he is residing has one child and is receiving $412 per month AFDC for that child. He claims that his monthly expenses for himself and the woman with whom he is residing, and three children, total $1,678.

5. That there has been substantial increase in the earnings of the [appellant], since entry of the Decree and Amended Order, so as to make the $78 per month unreasonable and unfair within the meaning and purview of M.S. 518.64, Subd. 2.

6. That by virtue of the fact that the child support guidelines apply to modification motions when the moving party has shown a change of circumstances [citations omitted] and because looking at the total factual circumstances involved therein, the Court sees no basis upon which to depart either above or below the guidelines, the Court is compelled to follow the guidelines and order 30 percent of $1,081, or $324 per month child support.

Consequently on December 10, 1984, the trial court ordered appellant's child support payments raised to $324.00 per month. After appellant's first appeal was dismissed for appealing from a non-appealable order the trial court entered an amended judgment and decree on April 21, 1986. This appeal followed.

## ISSUE

Is the trial court's decision supported by adequate findings?

## ANALYSIS

A trial court has broad discretion in determining whether or not to grant a motion for modification of child support payments. *Quaderer v. Forrest,* 387 N.W.2d 453, 455 (Minn.Ct.App.1986). Such a determination will not be reversed by this court unless there has been a clear abuse of discretion that renders the order arbitrary, unreasonable or without evidentiary support. *Id.* Yet, the supreme court has noted that this discretion is limited by Minn.Stat. § 518.64 (1984) which requires a two-step analysis:

> (1) Do any of the four factors in Minn. Stat. § 518.64, subd. 2, alone or in combination, create a substantial change in circumstances warranting a modification of child support?; and (2) if so, after considering the needs of the children and the financial situation of the parties' spouses, what modification should the court make?

*Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986).

To comply with the first step of this analysis the trial court must make findings showing one or more of the following:

> (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair.

Minn.Stat. § 518.64, subd. 2 (1984). Additionally, the substantial change in circumstances making the terms unreasonable and unfair must have occurred since the last modification of the support obligation. *Blomgren v. Blomgren,* 386 N.W.2d 378, 380 (Minn.Ct.App.1986).

The trial court here has failed to comply with this first step. The court found that "there has been a substantial increase in the earnings of [appellant], *since entry of the Decree and Amended Order,* so as to make the $78 per month

unreasonable and unfair." (emphasis added). The court apparently made a finding of unreasonableness and unfairness pursuant to the first of the four factors. In fact, there is authority supporting the court's substantive finding that an appellant's increase in earnings from a monthly income of $688.00 to $1,081, a 57% increase, itself supplies a basis for modification with respect to the substantial change requirement. *Neary v. Neary,* 366 N.W.2d 369, 371 (Minn.Ct.App.1985) ($5,000 increase over $11,280 was substantial change for increasing child support). Regardless, the trial court looked back to the original decree of November 26, 1979 when it made this determination. The court should have looked to the last modification, the March 6, 1980 order to so determine. To fail to do so is reversible error. *Blomgren,* 386 N.W.2d at 380.

To comply with the second step required by *Moylan* the court must make findings demonstrating that it considered the needs of the children and the financial situation of the parties' spouses. *Moylan,* 384 N.W.2d at 864. The spouses' income should have been considered here, as the support order was entered before August 1, 1986. *See* Minn.Stat. § 518.64, subd. 2 (1986).

The trial court failed to comply with this step by failing to make any finding concerning the needs of the parties' children. Without such a finding we are unable to determine whether the trial court considered this statutorily required factor.

*Moylan* requires that in all child support cases not involving public assistance, the trial court must make specific findings of fact as to the factors it considered in formulating the award. *Moylan,* 384 N.W.2d at 863. The factors that must be considered are enunciated in Minn.Stat. § 518.17, subd. 4 (1984):

> (a) The financial resources and needs of the child;
>
> (b) The financial resources and needs of the custodial parent;
>
> (c) The standard of living the child would have enjoyed had the marriage not been dissolved;

(d) The physical and emotional condition of the child, and his educational needs; and

(e) The financial resources and needs of the noncustodial parent.

Because *Moylan* was released after the trial court's decision, the trial court also failed to make these mandated findings. The trial court merely found that there had been a substantial increase in appellant's earnings. Specifically, the trial court has failed to make any finding with respect to the financial resources and needs of the child, the standard of living the child would have enjoyed had the marriage not been dissolved, the physical and emotional condition of the child and the child's emotional needs. While there is evidence within the record upon which these determinations could have been made, the record fails to establish that such factors were considered.

## DECISION

The trial court failed to make all the statutorily required findings for modification of child support payments.

Reversed and remanded.