In re the Marriage of Loretta A. JOHNSON, Petitioner, Respondent,

v.

Stephan George FRITZ, Appellant.

No. C6–87–88.

Court of Appeals of Minnesota.

June 9, 1987.

Thomas L. Johnson, Hennepin Co. Atty., Thomas L. Aarestad, Asst. Co. Atty., Minneapolis, for respondent.

Robert J. Hajek, Warchol, Berndt & Hajek, Minneapolis, for appellant.

Heard, considered and decided by PARKER, P.J., and SEDGWICK and LANSING, JJ.

## MEMORANDUM OPINION

SEDGWICK, Judge.

The marriage of appellant Stephan George Fritz and respondent Loretta A. Johnson was dissolved November 22, 1983. The parties stipulated that Johnson have custody of the two minor children, and Fritz agreed to pay child support of $400 per month ($200 per month per child). The trial court made no findings as to the parties' incomes at that time.

In December 1984 Fritz moved for modification of child support, submitting an affidavit stating that his sole income was derived from his trucking business; that he had lost his license to operate his trucks and despite due diligence was unemployed; that the stipulation to pay $400 per month child support was based upon an anticipation of increased earnings which had not materialized; and that his monthly income was $706.06, which did "not permit him even the basic necessities of life." He requested a reduction in child support to the guidelines figure of $162.39 per month.

Johnson deposed Fritz' banker, who disclosed that Fritz employed two full-time drivers; that his gross income for 1984 was $127,702.25; that he had $21,629.90 in savings; that Fritz told his bank his monthly income was $14,000; and that his monthly interest on his savings accounts was $173.37. Further, Fritz owned a new VCR and stereo set, an ultralight airplane, a new boat, motor and trailer, a $10,000.00 time share in Big Lake, Arizona, and two automobiles. Johnson stated she stipulated to $400 per month in child support only because Fritz refused to produce any financial information and told her that was all he would pay regardless of what the court ordered.

Johnson's deposition of Fritz disclosed that he owned a 1982 Chevrolet, three trucks (a 1978 Mack, a 1972 International, and a 1974 GMC), three trailers, a 1959 Austin Healy Sprite, and a 1979 Chevette, as well as the ultralight airplane. All of these vehicles were unencumbered except one of the trailers and the 1978 Mack truck. Fritz explained his time share as a $5700 lifetime membership in a nationwide resort.

The matter was heard by a referee on October 16, 1985. By order filed November 8, the referee found:

5. [Fritz'] 1983 income tax return shows $7,577 plus $8,389 depreciation allowance. His 1984 return shows $113,000 plus $10,100 depreciation and includes $4,500 as a gain from sale of a 1970 White tractor.

6. He had lost his operator's license which has been returned.

7. [Fritz] has not met his burden of showing a detrimental change in circumstances.

In addition to denying the motion for modification, the November 1985 order awarded Johnson $1,300 in attorney's fees and costs "for these motions including the 30 January 1985 hearing and the discovery required by [Fritz'] *failure to produce information to substantiate his claim.*" (Emphasis added.)

In July 1986 Fritz made his second motion for modification of child support, which was heard August 27, 1986 by a second referee. The referee denied Fritz' motion, finding in pertinent part:

7. That [Fritz] has not presented to the court information showing a change of circumstances since the order of November 4, 1985.

8. That [Fritz] has incorporated his business. There have been no corporate tax statements filed with the court.

9. That the change of circumstances must be measured from the last court appearance wherein support was determined.

\* \* \* \* \* \*

11. That since [Fritz] has not shown a change in circumstances since the order of the court dated November 4, 1985 denying a change in support, this motion should be denied.

This order was confirmed by the trial court judge. Fritz appeals on the ground that the trial court committed reversible error by finding 11, in measuring the change of circumstances from the date of the last order denying a change in support, rather than from the date of the last actual modification.

### DECISION

■ A modification of child support under Minn.Stat. § 518.64 (1986), requires a showing of "a substantial change of circumstances from those existing at the time of the dissolution or \* \* \* at the time the award was last *modified." Wiese v. Wiese*, 295 N.W.2d 371, 372 (Minn.1980) (emphasis added); *Blomgren v. Blomgren*, 386 N.W.2d 378, 380 (Minn.Ct.App.1986). Therefore, the second trial court erred when it referred to the date of the first order, which denied modification.

■ However, under the facts of this case, this does not constitute reversible error. The burden of showing a change of circumstances is on the moving party. *Bledsoe v. Bledsoe*, 344 N.W.2d 892, 895 (Minn.Ct.App.1984). No matter what the measuring date, as part of his burden the moving party must provide sufficient proof of his *present* circumstances before *any* comparison can be made. Here, Fritz did not furnish adequate documentation of his 1986 income, so that, no matter what the measuring date, he had failed his burden.

■ The only evidence Fritz produced at the August 1986 hearing was *his affidavit* stating that his business netted only $565 per month before taxes during the first five months of 1986. According to the figures Fritz gave for previous years, he lived on $644 per month in 1983; $658 per month in 1984; and $582 per month in 1985. However, a court can take into account the lifestyle of a sole business owner if the figures offered do not comport with the evidence of that person's lifestyle. Here the trial court had before it credible, uncontradicted evidence obtained from discovery conducted from December 1984 to the present. This evidence showed a lifestyle totally out of reach of one who earns less than $700 per month. It is apparent from the court's findings that Fritz failed his burden of proof of showing his present circumstances. Because determination of substantial change was impossible, regardless of the date used as a reference, the trial court's use of the date of the last motion for modification was harmless error.

Affirmed.