In re the Marriage of Carole V.
MARX, petitioner, Respondent,

v.

Robert B. MARX, Appellant.

No. C5–87–115.

Court of Appeals of Minnesota.

July 21, 1987.

Jensen & Weyland, P.A., Brooklyn Park,
for respondent.

George M. Roehrdanz, Donna M. Gustaf-
son, George M. Roehrdanz & Assoc., Min-
neapolis, for appellant.

Considered and decided by FOLEY, P.J., and FORSBERG, and STONE[1], JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Robert B. Marx appeals from an amended judgment and decree increasing his child support obligation from $250 per month to $1000 per month and ordering him to pay $4,500 in attorney's fees. We affirm.

## FACTS

Appellant Robert B. Marx and respondent Carole V. Marx were divorced in March 1980. The judgment and decree, which was based upon a stipulation signed by the parties, awarded respondent custody of their son, who was born in January 1978, and ordered appellant to pay $250 per month in child support.

Five years later, respondent moved to increase the amount of child support. Appellant initially appeared pro se. The first hearing, which was scheduled for November 14, 1985, was continued at appellant's request and by agreement of the parties.

Following several other delays, a hearing was eventually held on May 14, 1986. A few days prior to that hearing respondent submitted a memorandum outlining her arguments for modification of child support and for attorney's fees. In this memorandum, respondent cited various reasons why appellant's taxable income was not an accurate indication of his ability to pay child support. In addition, she suggested at least two different calculations of his income for this purpose.

No transcript of the May 14 hearing has been filed on appeal, nor was a transcript requested by appellant. According to respondent, she strongly opposed appellant's request for a continuance and suggested that the matter be submitted by memorandum. Respondent further notes that appellant did not object to her suggestion nor demand an evidentiary hearing. An order

was thereafter issued requiring that appellant submit a copy of his 1985 tax return and a memorandum within 45 days. Respondent was then given 10 days to respond.

On September 29, 1986, the trial court issued its Findings of Fact, Conclusions of Law and Order for Judgment. After finding that there had been a substantial change of circumstances rendering the original terms of the support obligation unfair and unreasonable, the trial court increased child support to $1000 per month (based on its determination that appellant's actual income was $4,670 per month) and awarded respondent attorney's fees of $4,500. This appeal is from the amended judgment and decree.

## ISSUES

1. Did the trial court clearly err in determining appellant's income for the purpose of deciding whether a substantial change in circumstances occurred since the original decree?

2. Did the trial court improperly order a retroactive modification of the child support obligation by making the obligation effective as of the date the motion to modify was first scheduled for hearing?

3. Did the trial court abuse its discretion in awarding respondent $4,500 in attorney's fees based on the parties' disparate incomes?

## ANALYSIS

### I

◼ Modification of child support orders "lies in the broad and sound discretion of the trial court, and an appellate court will reverse for an abuse of that discretion only where it finds a 'clearly erroneous conclusion that is against logic and the facts on record.'" *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn.1986) (quoting *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984)). Modifications are authorized upon a show-

1. Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

ing of one or more changes in circumstances, including "substantially increased or decreased earnings of a party"; "substantially increased or decreased need of a party"; or "a change in the cost-of-living for either party as measured by the federal bureau of statistics." Minn.Stat. § 518.64, subd. 2 (Supp.1985). Once a substantial change has been shown, the trial court must determine whether that change renders the prior support award unfair and unreasonable. *Id.* At that point, the needs of the child and of the custodial parent must be considered.[2] *Martin v. Martin,* 401 N.W.2d 107, 109–10 (Minn.Ct.App.1987).

In this case, the trial court made a number of detailed findings and the following pertinent conclusions:

4. That the following circumstances have changed since the entry of the Judgment and Decree which now make the child support award of $250 unreasonable and unfair. See Minn.Stat. § 518.64; *Hadrava v. Hadrava,* 357 N.W.2d 376 (Minn.Ct.App.1984).

a. The needs of [respondent] and the minor child have substantially increased since 1980. Minn.Stat. § 518.-64 Subd. 2(2). These needs have not been adequately offset by the [respondent's] income. *Kirby v. Kirby,* 348 N.W.2d 392 (Minn.App.1984).

b. The cost-of-living as measured by the consumer price index has increased substantially.

c. [Appellant's] net monthly income has increased substantially from $970 to $4,670, an increase of over 400%. See *Vitalis v. Vitalis,* 363 N.W.2d 57 (Minn.App.1985). A child is entitled to enjoy the benefits of the increased income of both parents. *Blomgren v. Blomgren,* 367 N.W.2d 918 (Minn.App. 1985).

These conclusions reflect proper consideration of the statutory analysis. *See Martin,* 401 N.W.2d at 110.

Although appellant challenges the trial court's findings as to each of these factors, his main dispute involves the finding that his net monthly income has substantially increased. Findings relating to respondent's income and expenses are essentially uncontested and indicate that while her net monthly income has increased from $998.08 in 1980 to $1,522.93 in 1985, her monthly expenses have also increased from $1,281 in 1980 (a figure that included the needs of two other minor children from another marriage who are now emancipated) to $1,764. The findings also show that the cost of living has increased by approximately 34 percent since 1980.

■ A substantial increase in a noncustodial parent's income alone is sufficient to warrant an increase in child support. *See Vitalis v. Vitalis,* 363 N.W.2d 57, 59 (Minn. Ct.App.1985). In determining that his income had increased by 400 percent, appellant contends that the trial court erroneously rejected his taxable income, which shows increasing losses of $59,936 in 1980, $206,290 in 1984, and $244,934 in 1985.

The trial court recognized that taxable income is not always a reliable indicator of net income or of income available for the purposes of child support. *See Otte v. Otte,* 368 N.W.2d 293, 297 (Minn.Ct.App. 1985). In assessing respondent's motion to modify, the trial court examined not only appellant's tax returns for the years 1980 through 1985, but also his responses to interrogatories and to a request for production of documents. These documents reveal an incredible financial situation.

Appellant is a self-employed accountant who is involved in a number of business

---

**2.** If modification is warranted, the final inquiry involves the amount of that modification. *Stevens County Social Service Department ex rel. Banken v. Banken,* 403 N.W.2d 693, 697 (Minn. Ct.App.1987) (citing *Moylan,* 384 N.W.2d at 864). After finding substantial changes justifying an increase in child support, the trial court in this case determined that amount by application of the child support guidelines. Appellant only challenges the determination of income as

it relates to whether there has been a substantial change of circumstances; he does not contest the actual amount of the modification or the adequacy of the trial court's findings under *Moylan.* We decline to discuss an issue neither litigated nor raised on appeal. *See Sina v. Sina,* 402 N.W.2d 573, 576 (Minn.Ct.App.1987) (issue of attorney's fees not raised at previous hearing and deemed waived).

and investment activities, including a service business, three subchapter S corporations (which consist of a retail service station, a retail gas station, and a restaurant), and farming. His gross earnings and receipts have steadily increased. In 1984, gross earnings and receipts and interest totalled $212,072.96 and in 1985 $182,242.72. For the past six years, appellant has been able to show substantial losses on his tax returns, which he contends are caused by the deteriorating economic conditions in farming and in the oil business. His income tax returns reveal that these losses are achieved by the taking of large deductions, which consist mainly of "other interest." Notwithstanding these losses, appellant continues to borrow large amounts of capital and to acquire and sell assets.

In a 1985 financial statement, appellant claimed that his real estate is worth only $293,000 although it secures loans and mortgages totalling over $1,900,000. In this same financial statement, he stated that his cash on hand and in the bank totalled $207,236, and that his interests in marketable securities totalled $546,000. Other assets listed included part ownership of an airplane.

Given this evidence, it was entirely proper for the trial court to reject appellant's taxable income and to instead estimate his income by taking the sum of his annual wages from a nursing home owned by him and the interest income he receives from various sources, less 25 percent for taxes and other deductions. With this formula, the trial court here estimated appellant's net monthly income in 1980 to be $970 and his current to be $4,670, representing an increase of over 400 percent. Similar calculations have been used in other cases where a noncustodial parent's taxable income was found to be an unreliable indicator of income. *See, e.g., Schelmeske v. Veit*, 390 N.W.2d 309 (Minn.Ct.App.1986) (trial court did not clearly err by relying on deposits into personal checking account as a basis for determining gross income); *Vitalis*, 363 N.W.2d 57 (noncustodial parent's lifestyle commensurate with his cash flow

or gross receipts, rather than his taxable income). The assets and resources of a sole business owner may properly be considered if the figures offered do not comport with evidence of that person's lifestyle. *Johnson v. Fritz*, 406 N.W.2d 614, 616 (Minn.Ct. App. June 9, 1987). In this case, appellant's ability to pay child support is clearly more commensurate with his cashflow than with his taxable income.

Many of appellant's arguments center on claims that an evidentiary hearing was required in this case and an allocation of the burden of proof, which he contends was improperly shifted to him. An examination of the record submitted in this case, however, successfully refutes these arguments. Respondent asserts that no objection was raised at the May 14 hearing to submission of the matter based on the record and written argument. This statement is not contested by appellant. Absent evidence to the contrary, we conclude that it was a proper exercise of the trial court's discretion to decide this motion to modify based solely on the record before it. *See Peters v. Peters*, 374 N.W.2d 335, 337 (Minn.Ct. App.1985) (denial of motion to increase child support within the trial court's discretion when appellant failed to comply with discovery requests). We further conclude that respondent met her initial burden of proof as the moving party with the service of her memorandum prior to the May 14 hearing. Although given ample opportunity to respond, a reading of appellant's subsequent memorandum reveals that he failed to adequately address most of respondent's arguments. Indeed, a reading of appellant's arguments on appeal illustrate that he continues to skirt the issues, possibly in an attempt to further confuse them.

## II

A modification increasing child support "shall not be made retroactive if the obligor has substantially complied with the previous order." Minn.Stat. § 518.64, subd. 2 (Supp.1985). In this case, appellant's child support obligation was increased effective November 14, 1985, the date the motion to modify was first scheduled.

**530**

Orders which are made effective as of the first hearing date in a modification matter are not retroactive within the meaning of the statute. *Alvord v. Alvord,* 365 N.W.2d 360, 363 (Minn.Ct.App.1985); *In Re Welfare of S.K.,* 388 N.W.2d 774, 777 (Minn.Ct.App.1986). The same is true when a child support increase is backdated to the date a noncustodial parent moved for a continuance. *Krogstad v. Krogstad,* 388 N.W.2d 376, 382 (Minn.Ct.App.1986). Modification in this case is therefore not retroactive, and the trial court did not err in ordering increased child support payments as of November 14, 1985. *See Martin,* 401 N.W.2d at 111.

### III

Finally, appellant challenges the trial court's award to respondent of $4,500 in attorney's fees "based upon the disparate incomes of the parties." The trial court's findings indicate that respondent's net monthly income is $1,522.93, compared with appellant's estimated monthly income of $4,670.

A trial court has broad discretion in the award of attorney's fees under Minn. Stat. § 518.14 (1984). *Burton v. Burton,* 365 N.W.2d 310, 312 (Minn.Ct.App.), *pet. for rev. denied,* (Minn. May 31, 1985). Given the complexity of appellant's financial situation and the difficulty of ascertaining his income, the award of attorney's fees in this case was not an abuse of discretion.

Although respondent also requests attorney's fees for this appeal, we believe that such an award is not justified at this time. *See Levine v. Levine,* 401 N.W.2d 132, 136 (Minn.Ct.App.1987) (affirming trial court's award of attorney's fees but refusing to award further fees for appeal); *Schelmeske,* 390 N.W.2d at 313 (request for attorney's fees on appeal rejected).

### DECISION

Affirmed.