**In Re the Marriage of Stephen L. PHILLIPS, Petitioner, Respondent,**

v.

**Jo–Ellen PHILLIPS, n/k/a Jo–Ellen Noren, Appellant.**

**No. C4–90–2643.**

Court of Appeals of Minnesota.

July 2, 1991.

Edward L. Winer, Susan C. Rhode, Moss & Barnett, Minneapolis, for respondent.

Joanne Thatcher Swanson, Swanson Law Office, St. Paul, for appellant.

Considered and decided by PARKER, P.J., and NORTON and DAVIES, JJ.

## OPINION

DAVIES, Judge.

The trial court denied a motion to suspend child support, holding that appellant had alleged similar changed circumstances in a previous, unappealed order that denied modification. We reverse and remand.

## FACTS

The marriage between appellant Jo–Ellen Noren (Noren) and Stephen Phillips (Phillips) was dissolved on March 27, 1986. The parties had two children of the marriage: Lee, born January 6, 1975, and Amy, born December 16, 1977. The trial court awarded physical custody of the children to Phillips. Both parties have subsequently remarried and Noren has two more children with her new spouse.

### 1986 Decree

The original 1986 decree was based on the parties' stipulation that Noren would pay only $130 a month in child support. Phillips agreed to this deviation from the guidelines amount because the children would be spending weekends, evenings, and summers with Noren.

### 1988 Modification

In September 1987 Phillips moved to increase child support payments because Noren was not providing the substantial care

and financial support of the children anticipated in the original decree because she had remarried and moved to Arizona. In February 1988 the original decree was amended, consistent with a new stipulation of the parties to increase child support to $300 a month from September through June (the children were to spend summers with Noren). Appearing pro se, Noren agreed to this increase in support although she was pregnant at the time and anticipated leaving her employment.

*1989 Motion to Decrease Support—Denied*

In January 1989 Noren moved to decrease child support to $100 a month. Noren asserted that she had changed employment after moving to a new home with her spouse and new baby and that transportation and child care costs were now greater than her gross income. She claimed just $600 a month gross income from babysitting in her home and monthly expenses of $2,625. She claimed her change in employment and increased expenses justified the child support decrease. She presented little evidence supporting this claim, however.

On March 14, 1989, a referee granted Noren's motion to reduce child support and set support at $150 a month. On May 9, 1989, a judge vacated the referee's order. The trial court found Noren voluntarily quit a job that paid $1,311.50 a month and had not sought equivalent employment closer to her new home; therefore, her then current $600 a month income did not constitute a justifiable change of circumstances upon which to base a decrease in support. The trial court also found that Noren was pregnant when she stipulated to $300 a month child support in 1988 and had made no showing that the new child had special needs requiring Noren's presence in the home. The trial court concluded that Noren's desire to remain in the home did not constitute a substantial change in circumstances. Noren did not appeal this order.

*1990 Motion to Suspend Child Support—Denied*

On April 30, 1990, Noren moved to suspend her child support obligation. The motion reiterated her claim that she left her previous job because day care and transportation costs consumed her income. She also claimed she had stopped providing day care in her home because the job was too demanding emotionally and physically and that she had quit a job delivering newspapers due to excessive physical demands. In addition, by 1990, Noren had a second child from her new marriage.

Now the referee denied Noren's motion, finding the basis for the motion identical to that of the 1989 motion previously denied by the judge. The referee determined that the children's needs had not decreased and that there were no other changes warranting a modification of child support. On November 8, 1990, a second judge affirmed the referee's order in all respects, adopting the referee's conclusion that no circumstances had changed since the last order. Noren appeals from this order.

## ISSUES

1. Does the change of circumstances since the prior denied motion require reexamination of cumulative changes from the order setting the current support level?

2. Did the trial court abuse its discretion in failing to make findings to support its conclusion that no change of circumstances had occurred?

## ANALYSIS

*Standard of Review*

The decision to modify a child support order lies in the

> broad and sound discretion of the trial court, and an appellate court will reverse for an abuse of that discretion only where it finds a "clearly erroneous conclusion that is against logic and the facts on record."

*Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986) (citation omitted). The trial court's discretion must be exercised within the limits set out by the legislature and, although the record may support a trial court's decision, "it is nevertheless inadequate if that record fails to reveal that the

trial court actually considered the appropriate factors." *Id.* at 864–65.

Modification of child support orders is governed by Minn.Stat. § 518.64, subd. 2 (1990), which provides:

(a) The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of [public] assistance * * *; or (4) a change in the cost of living for either party * * * any of which makes the terms unreasonable and unfair.

■ 1. A question of changed circumstances, once litigated, may not be retried. *See Kiesow v. Kiesow,* 270 Minn. 374, 380–81, 133 N.W.2d 652, 658 (1965). Respondent claims the trial court correctly ruled that the question of changed circumstances was presented to the court in 1989 and could not be reconsidered in 1990. Appellant, however, claims additional change has occurred since 1989 and that the 1989 ruling should not preclude examination of her changed circumstances in 1990.

Looking only to changes since the most recent order is appropriate if an award or modification was made; then, the base for measuring change is that order. *See Blomgren v. Blomgren,* 386 N.W.2d 378, 380 (Minn.App.1986).

■ When a modification is sought following a denied motion for modification, however, the first question is whether the change since the denied motion has been significant enough that it might, because of its incremental effect, require the trial court to examine the cumulative changes since the order setting the support level. If the changes are weighty enough to meet the above test of potential significance, the trial court must consider the cumulative changes since the prior award/modification order to see if altogether the incremental changes are substantial. If not, there is no need to look back to the prior award/modi-

fication order, for the order of denial should be given conclusive effect. *Kiesow,* 270 Minn. at 382, 133 N.W.2d at 658 (if no appeal is taken from child support modification order, the order is res judicata in later modification proceedings).

Reexamination of support levels should be allowed more readily when the immediately previous motion was denied, for there is then the possibility of cumulative or incremental changes and a relatively small recent change may tip the balance to "substantial." When the last motion produced a modification, however, the court is looking at all changes since the current support level was established and has a better sense of what is called for substantively.

■ The record here indicates several changes in circumstance since Noren's 1989 motion. After May 9, 1989, Noren quit her day care and newspaper delivery employment, ostensibly for emotional and physical reasons. Moreover, on April 8, 1990, she gave birth to the second child of her current marriage. Her supporting affidavit also claims a series of new debts related to medical expenses, loan repayments, and tax liabilities.

The changes in circumstances alleged to have occurred since denial of the 1989 motion are significant. They appear to be sufficient to require the trial court to look beyond the decision denying modification and to consider the cumulative changes since the 1988 modification. *See Wiese,* 295 N.W.2d 371, 372 (Minn.1980); *Blomgren,* 386 N.W.2d at 380.[1]

■ 2. If, in the unusual situation where there are no allegations of a change significant enough that it might, because of its incremental effect, require the trial court to examine the cumulative changes since the order setting the current support level, a motion for modification after a denial can, of course, be summarily denied. Here, however, appellant has alleged a number of changes and supported her allegations with an affidavit. In the absence

---

**1.** We do not believe this conclusion is inconsistent with *Johnson v. Fritz,* 406 N.W.2d 614 (Minn.App.1987), as that case involved allega-

tions regarding income beyond the threshold for requiring a trial court to look past the prior order denying modification.

of trial court findings contrary to the allegations, we cannot accept the refusal to look beyond the prior order denying modification. Here there are no findings as to the recent changes which have been alleged, but only a legal conclusion that no meaningful change has occurred. We, therefore, remand. On remand, the trial court either must make findings to justify the conclusion that no significant change has occurred since the last hearing or it must move on to a reexamination of all changes that have occurred since the last (1988) modification to see if they are substantial.

3. It is a well-established rule that during the substantive consideration of a modification motion, the court must contrast present circumstances with those "at the time the award was last modified." *Wiese*, 295 N.W.2d at 372; accord *Ricketson v. Ricketson*, 402 N.W.2d 588, 590 (Minn.App. 1987). We do not offer any opinion as to the conclusion a substantive recalculation here might produce.

DECISION

Reversed and remanded.