In re the Marriage of Nancy Ann
**KUCHINSKI, n/k/a Nancy Ann
Porter, Appellant,**

v.

**Leo Joseph KUCHINSKI, Respondent.**

No. C2–96–211.

Court of Appeals of Minnesota.

July 30, 1996.

Steven A. Sicheneder, Tennis and Sicheneder, P.A., Forest Lake, for Appellant.

Leo Joseph Kuchinski, Swanville, pro se Respondent.

Considered and decided by KLAPHAKE, P.J., and HUSPENI and SCHULTZ,* JJ.

## OPINION

KLAPHAKE, Judge.

Appellant Nancy Ann Porter (formerly Kuchinski) challenges the district court's post-dissolution order denying suspension of her child support obligation due to her move out of state. Because the district court properly found appellant was voluntarily unemployed, we affirm the imputation of income. We reverse and remand, however, for modification of child support based on the imputed income statute, Minn.Stat. § 518.551, subd. 5b(d) (1994).

## FACTS

Since late 1990, the parties' two children have resided with their father, respondent Leo Joseph Kuchinski, during the school year. Appellant has consistently paid monthly child support to respondent in the amount of $408.60 during the school year and $135 during the summer months when the children spent more time with her. The child support obligation was based on appellant's income from steady employment as a secretary, which she maintained while beginning a second family.

In August 1995, appellant terminated her employment in Minnesota and moved to Kentucky. She asked the court to suspend her child support obligation until she obtained employment in her new community. She stated that the reason for the move was to take advantage of the significantly greater career opportunities for her new husband

there. She did not know what employment might be available in Kentucky, but had been "told secretaries in Kentucky only make * * * less than half" of what she made in Minnesota.

## ISSUES

I. Did appellant establish a substantial change of circumstances for purposes of a child support modification?

II. Did the district court properly find that appellant was voluntarily unemployed?

III. Did the district court properly continue child support based on appellant's previous earnings?

## ANALYSIS

The district court must find a substantial change of circumstances making the previous support order unreasonable or unfair before it orders modification based on the statutory factors. Minn.Stat. § 518.64, subd. 2 (1994). This court may reverse the district court's order only where it finds a "clearly erroneous conclusion that is against logic and the facts on record." *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984).

### I.

Appellant established a basis for modification under this statute when she terminated her employment in Minnesota before obtaining employment in Kentucky. At that point, her earnings changed substantially and dramatically. Appellant's lack of actual income rendered the prior district court order for child support based on her Minnesota earnings unreasonable and unfair.

### II.

The district court found appellant's decision constituted "voluntary unemployment." Under Minn.Stat. § 518.551, subd. 5b(d), voluntary unemployment that is neither (1) temporary and will lead to an increase in income nor (2) a bona fide career change that outweighs the adverse effect of the diminished income on the child, is a

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

proper basis for imputing income. Appellant's sole basis for her unemployment is her husband's career move. Therefore, we believe the district court had sufficient evidence through appellant's own affidavit to find that she was voluntarily unemployed under the statute.

## III.

Having found voluntary unemployment, the district court was required to impute income to appellant. This, however, requires consideration of the factors set out in the statutory definition:

> Imputed income means the estimated earning ability of a parent based on the parent's prior earnings history, education, and job skills, and on availability of jobs within the community for an individual with the parent's qualifications.

*Id.* Rather than determining appellant's imputed income under this statute, the district court continued the obligation ordered under the very different circumstances of her employment in Minnesota. We reverse and remand for the taking of additional evidence on the appropriate imputed income, including the availability of jobs in Kentucky, her new "community," and calculating child support under Minn.Stat. § 518.551.

## DECISION

Appellant's decision to terminate her employment without securing reemployment in Kentucky caused a substantial decrease in her earnings and justified a child support modification. Because her unemployment was voluntary, her child support should be determined based on imputed income.

**Reversed and remanded.**