*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1955**

Ramsey County, petitioner,
Appellant,

A. L. A., petitioner,
Respondent,

vs.

E. V.-S.,
Respondent.

**Filed June 22, 2015
Affirmed in part, reversed in part, and remanded
Connolly, Judge**

Ramsey County District Court
File No. 62-FA-14-1181

John Choi, Ramsey County Attorney, Jenese V. Larmouth, Assistant County Attorney, St. Paul, Minnesota (for appellant)

A.L.A. , Minneapolis, Minnesota (pro se respondent)

E. V.-S., Oklahoma City, Oklahoma (pro se respondent)

Considered and decided by Connolly, Presiding Judge; Chutich, Judge; and Kirk, Judge.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

Appellant county challenges the decision of the child support magistrate (CSM) not to refer the issue of a child's legal name to a judge or referee and to use Minnesota's minimum wage as the basis for establishing the potential income of a child-support obligor who resides in a state with a lower minimum wage. Because the Minnesota Rules of General Practice would not support referring the issue of a child's legal name to a judge or referee, we affirm the CSM's decision not to do so; but, because the CSM's child-support decision resulted in an award against a defaulting party that exceeded the relief sought in the complaint, we reverse and remand the child-support award for recalculation.

## FACTS

In 2005, a daughter, S.M.A., was born to respondent-mother A.L.A., now a Minnesota resident, and respondent-father E.V.-S., now an Oklahoma resident. A.L.A. chose to give the baby her own last name, A., which was put on the birth certificate. In 2013, another daughter, M.N.V.-S., was born to respondents; she was given her father's last name, which is on her birth certificate. Father and mother were never married.

In 2014, appellant Ramsey County served a complaint on E.V.-S., seeking to have S.M.A.'s last name stay as it is on her birth certificate, to establish E.V.-S.'s paternity of both children, and to set his child-support obligation at $89 monthly, an amount calculated on the basis of his potential income from full-time work at the Minnesota minimum wage, then $7.25. Neither respondent filed an answer to the complaint.

Later in 2014, Minnesota raised its minimum wage to $8 per hour, although both the Oklahoma wage and the federal minimum wage remained at $7.25. At the hearing before the CSM, A.L.A. asserted that E.V.-S.'s potential monthly income was actually $1,000 every two weeks, or $2,166 monthly,[1] and asked that his child-support obligation be recalculated on that basis; she also asked to have S.M.A.'s last name changed to V.-S. and to refer the name-change issue to a judge or referee. E.V.-S. did not attend the hearing. The CSM issued an order declining to refer the name change because a name change is not a contested issue in a child-support case and setting E.V.-S.'s monthly child-support obligation at $219, based on the Minnesota $8 minimum wage, or a gross monthly income of $1,386.

Ramsey County challenges the CSM's order, arguing that the CSM erred by not referring the issue of S.M.A.'s last name to a judge or referee and abused his discretion by basing the child-support obligation of E.V.-S., an Oklahoma resident, on Minnesota's higher minimum wage.

**D E C I S I O N**

**1.     The Last-Name Issue**

An appellate court reviews the interpretation of procedural rules de novo. *State v. Martinez-Mendoza*, 804 N.W.2d 1, 6 (Minn. 2011).

"[A CSM] has the authority to establish . . . the legal name of the child when: . . . (B) the pleadings specifically address th[is] particular issue[] and a party fails to serve a response or appear at the hearing." Minn. R. Gen. Pract. 353.01, subd. 2(b)(1). Here, the

---

[1] 26 x $1,000 = $26,000  annually; $26,000 ÷ 12 = $2,166.66 monthly.

complaint specifically requested an "[o]rder that the child(ren) involved in this action's name(s) remain as it/they presently appear(s) on the child(ren) involved in this action's birth certificate(s)." E.V.-S., listed as the respondent on the complaint, failed to serve a response or to appear at the hearing. Thus, under Minn. R. Gen. Pract. 353.01, subd. 2 (b)(1), the CSM had "the authority to establish . . . the legal name of the child."

At the hearing, the CSM addressed the issue:

> [L]et me inquire too about the name change for [S.M.A.]. Generally, if it's a contested issue, the matter would be referred to a judge or referee. In this case [A.L.A.]'s affidavit ask[ed that] the child's name be [S.M.A.]. The County followed her request and pled the child's name as [S.M.A.]. [E.V.-S.] is not here to disagree. It appears to me [A.L.A.] changed her mind, and I'm not sure that makes a contested issue.

Ramsey County's attorney told the CSM: "[R]ather than . . . requiring [A.L.A.] to formally commence an action . . . , the [CSM] can decide what the child's name should be by referring it to [the] District Court with leave available for [the] District Court to resolve the overall proceeding." The CSM told the parties he would "decline to refer the matter to a judge or referee, simply because I don't view that as a contested issue. So the children's names will then remain as they appear on their birth certificates." In his order, the CSM wrote in a footnote:

> [A.L.A.] requested that [S.M.A.]'s name be changed to [S.M.V.-S. E.V.-S.] was not present, so this issue could not be resolved by agreement. However, the requested name change is not a "contested issue" that must be referred to a Judge or Referee. [A.L.A.] simply changed her mind between the time that the birth certificate information was gathered and the date of the hearing.

4

We agree with the CSM that the rules did not require this issue to be referred to a judge or referee.[2]

**2.      The Amount of E. V.-S.'s Child-Support Obligation**

The district court has broad discretion to provide for the support of the parties' children. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn. 1984). On appeal from a CSM's order that has not been reviewed by the district court, this court uses the same standard to review issues as would be applied if the order had been issued by a district court. *Hesse v. Hesse*, 778 N.W.2d 98, 102 (Minn. App. 2009); *see also Putz v. Putz*, 645 N.W.2d 343, 348 (Minn. 2002) (applying abuse-of-discretion standard to CSM's previously unreviewed decision).

Ramsey County's complaint asked for an order that E.V.-S. pay child support of $89 monthly, the guideline obligation based on his potential income of $1,256 if he worked full-time at the minimum wage, then $7.25.[3] At the hearing, A.L.A. testified that she had seen check stubs indicating that E.V.-S. was paid $1,000 every two weeks for working as an electrician, which resulted in a gross monthly income of $2,166, and she asked that his child-support obligation be based on this amount. The CSM did not use either Ramsey County's or A.L.A.'s figure; it used a gross monthly income of $1,386, based on Minnesota's new minimum wage, $8.[4]

---

[2] Moreover, as Ramsey County's attorney acknowledged during the hearing, A.L.A. can open an action or file a motion in district court to change the child's name; it need not be done as part of a child-support proceeding.
[3] 40 x $7.25 = $290; $290 x 52 = $15,080; $15,080 ÷ 12 = $1,256.66.
[4] 40 x $8 = $320; $320 x 52 = $16,640; $16,640 ÷ 12 = $1,386.66.

The CSM based the decision to use the Minnesota minimum wage on the Uniform Interstate Family Support Act provision on Choice of Law: "The law of the issuing state governs the nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrearages under the order." Minn. Stat. § 518C.604(a) (2014). The law of Minnesota as to minimum wage was $7.25 when the complaint was drafted; it had changed to $8 by the time the hearing occurred. The CSM reasoned that, if a parent's potential income was to be based on minimum wage, the law of Minnesota as to minimum wage should apply.

But the potential income of a parent for child-support purposes is the parent's "probable earnings level based on employment potential, recent work history, and occupational qualifications in light of prevailing job opportunities and earnings levels in the community." Minn. Stat. § 518A.32, subd. 2(1) (2014).[5] It would be absurd to construe "in the community" as referring to the community in which the determination of potential income is made rather than the community in which the person potentially earning the income resides and works, and the legislature is presumed not to intend an absurd result. Minn. Stat. § 645.17(1) (2014). There is no basis for assuming that a parent whose potential income is based on the minimum wage in one state can or should pay child support based on the higher minimum wage of another state. *See Kuchinski v. Kuchinski*, 551 N.W.2d 727, 729 (Minn. App. 1996) (reversing district court's imputation

---

[5] A parent's potential income may also be determined by the amount of unemployment or workers' compensation benefit the parent receives, Minn. Stat. § 518A.32, subd. 2(2) (2014), or by 150% of the higher of state or federal minimum wage, Minn. Stat. § 518A.32, subd. 2(3) (2014). Neither is relevant here.

of income based on "the very different circumstances of [a party's] employment in Minnesota" after the party had moved to Kentucky and remanding for "the taking of additional evidence on the appropriate imputed income, including the availability of jobs in Kentucky").

Ramsey County also argues that the CSM's default judgment more than doubled the amount of E.V.-S.'s child-support obligation sought by the county[6] and that E.V.-S. had no notice that the hearing could have this result. Because the complaint listed both Ramsey County and A.L.A. as petitioners asking that E.V.-S.'s child-support obligation be set at $89, E.V.-S. had no reason to assume that A.L.A. would seek, or the CSM would impose, a much higher child-support obligation.

Moreover,

> [i]n a default judgment the relief awarded to the plaintiff must be limited in kind and degree to what is specifically demanded in the complaint even if the proof would justify greater relief. . . . [T]he power of the court to grant relief in a default judgment is limited to that demanded in the complaint.

*Thorp Loan and Thrift Co. v. Morse*, 451 N.W.2d 361, 363 (Minn. App. 1990), *review denied* (Minn. Apr. 13, 1990). We reverse the child-support award and remand for an award in the amount demanded in the complaint.

**Affirmed in part, reversed in part, and remanded.**

---

[6] $178 = 2 x $89; $219 = 2.46 x $89.

7