*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0995**

In re the Marriage of:
Daniela Tate, petitioner,
Respondent,

vs.

Daniel Lee Tate,
Appellant.

**Filed May 28, 2024**
**Affirmed in part, reversed in part, and remanded**
**Reyes, Judge**

Washington County District Court
File No. 82-FA-21-1397

Leina D. Holte, Stone Arch Law Office, PLLC, Minneapolis, Minnesota (for respondent)

Francis Herbert White III, Francis White Law, PLLC, Woodbury, Minnesota (for appellant)

Considered and decided by Ede, Presiding Judge; Reyes, Judge; and Larson, Judge.

**NONPRECEDENTIAL OPINION**

**REYES**, Judge

In this dissolution-of-marriage dispute, appellant-father argues that the district court (1) abused its discretion by awarding respondent-mother $1,585 per month in permanent spousal maintenance and (2) exceeded its authority under Minn. R. Civ. P. 52.02 by altering provisions of its prior findings that were not challenged by father's motion for amended findings. We affirm in part, reverse in part, and remand.

## FACTS

In April 2021, respondent Daniela Tate (wife) petitioned to dissolve her marriage with appellant Daniel Lee Tate (husband).[1]  Wife's petition included requests for permanent spousal maintenance and an equitable division of the parties' assets and personal property.  The district court held a court trial on wife's petition in April 2022, during which both parties testified and submitted documentary evidence regarding their assets, income, and marital property that was stored in Germany.

Based on testimony that wife suffered from numerous medical issues, had a sporadic work history, and had never worked a full-time job during the parties' 18-year marriage, the district court found that wife could work 15-20 hours per week at an entry-level position.  The district court then imputed $546 in gross monthly income to wife, based on 17.5 hours of work per week at $7.25 per hour.  Because wife lived in Georgia at the time of trial, the district court calculated her income using the federal minimum wage.

Husband testified that he had worked as a maintenance supervisor in the United States Army but was currently on terminal leave, with a final employment date set for June 30, 2022.  Husband testified that he would continue to receive his base pay of $5,039 per month through the end of June.  The district court found that husband also qualified for GI-Bill benefits which, if he applied, would allow him to receive at least an additional $900 per month.  *See* 38 U.S.C. §§ 3301-27 (2018 & Supp. 2019-2022).  The district court therefore determined that husband had a reasonable monthly income of $5,939 (base pay

---

[1] At the time of the dissolution action, wife was 41 years old, and husband was 45 years old.

+ GI-Bill income).  After reviewing the parties' income, assets, living expenses, and the eight spousal-maintenance factors under Minn. Stat. § 518.552, subd. 2 (2021), the district court awarded wife $1,500 per month in permanent spousal maintenance.

Regarding the stored marital property, the district court ordered that wife would have 20 days from the entry of the judgment and decree to provide husband and the district court with an itemized list of property that she wanted from the storage unit, and an additional 20 days to collect those items.  The district court ordered that, if wife failed to provide the list or collect the items, husband would receive sole ownership of the stored property.  The district court further provided that all disputes over the property would be subject to binding arbitration.

After the district court entered its judgment and decree, husband filed a motion for amended findings under Minn. R. Civ. P. 52.02, in which he challenged the district court's findings regarding the parties' income, spousal maintenance, and the requirement to resolve property disputes through arbitration.  After finding that the nonmarital portion of husband's Army pension would increase his monthly income by $85, the district court amended wife's spousal maintenance award to $1,585.  The district court also removed the arbitration requirement and further amended its order to provide that the parties would have 20 days from the entry of the amended findings to agree on how to divide the stored property, otherwise it would be sold and the proceeds divided evenly.

This appeal follows.

**DECISION**

**I.** **The district court did not abuse its discretion by awarding permanent spousal maintenance to wife, but it improperly calculated the amount of the maintenance award.**

Husband contends that the district court abused its discretion by awarding wife permanent spousal maintenance because it misapplied the law and made clearly erroneous factual findings by calculating both parties' reasonable monthly incomes.

This court reviews a district court's determinations regarding spousal maintenance and marital-property division for an abuse of discretion. *Schmidt v. Schmidt*, 964 N.W.2d 221, 226, 231 (Minn. App. 2021). "A district court abuses its discretion by making findings of fact that are unsupported by the evidence, misapplying the law, or rendering a decision that is against logic and the facts on record." *Knapp v. Knapp*, 883 N.W.2d 833, 835 (Minn. App. 2016) (quotation omitted), *rev. denied* (Minn. Sept. 27, 2016).

**A.** **The district court appropriately calculated wife's income.**

Husband asserts that the district court improperly calculated wife's monthly income because it (1) did not explicitly find that wife met her burden under Minn. Stat. § 518A.32, subd. 1 (2022), to show that she could not work full time; (2) abused its discretion by imputing wife's income under Minn. Stat. § 518A.32, subd. 2(1) (2022); and (3) erred by imputing wife's income using the federal minimum wage, rather than Minnesota's higher minimum wage. We address each argument in turn.

4

**1.    The district court did not clearly err by implicitly finding that wife had rebutted the statutory presumption that she could work full time.**

Husband argues that the district court never made the required finding that wife met her burden to prove that she had a disability that would prevent her from working full time. We are not convinced.

We review a district court's factual findings regarding income calculations for clear error. *Newstrand v. Arend*, 869 N.W.2d 681, 685 (Minn. App. 2015), *rev. denied* (Minn. Dec. 15, 2015). For the purposes of determining potential income, "it is rebuttably presumed that a [party] can be gainfully employed on a full-time basis." Minn. Stat. § 518A.32, subd. 1. A party may rebut that presumption by showing that their underemployment is due to being "physically or mentally incapacitated." *Id.*, subd. 3(3) (2022).[2]

Here, the district court found that wife could work on a part-time basis for 15-20 hours per week. Implicit in the district court's finding is that the evidence presented at trial rebutted the statutory presumption that wife could work full time. *See Pechovnik v. Pechovnik*, 765 N.W.2d 94, 99 (Minn. App. 2009) (reviewing district court's implicit findings of fact).

The district court's finding is not clearly erroneous. The district court credited wife's testimony that her medical afflictions prevented her from working full time and discredited husband's testimony to the contrary. This court defers to the district court's

---

[2] Minn. Stat. § 518A.32, subd. 3, was amended by 2023 Minn. Laws ch. 70, art. 14, §§ 28, 29. The amendment is effective January 1, 2025, and does not impact our analysis.

credibility determinations. *Id.* Additionally, the evidence presented at trial demonstrated that wife had never worked full time during the parties' marriage. Because the record supports the district court's implicit finding that wife rebutted the statutory presumption that she could work full time, husband's argument fails.

> **2. The district court acted within its discretion by imputing income to wife under Minn. Stat. § 518A.32, subd. 2(1).**

Husband argues that, because wife does not have any recent work history, the district court abused its discretion by imputing wife's income using her probable earnings level under Minn. Stat. § 518A.32, subd. 2(1), rather than using 30 hours per week at Minnesota's minimum wage under Minn. Stat. § 518A.32, subd. 2(3) (2022). We are not persuaded.

Appellate courts review the district court's income-imputation method for an abuse of discretion. *See Butt v. Schmidt*, 747 N.W.2d 566, 577 (Minn. 2008) (making this statement regarding the predecessor statute to section 518A.32). When a party does not receive unemployment benefits, the district court may calculate that party's potential income by using either "the [party's] probable earnings level based on employment potential, recent work history, and occupational qualifications in light of prevailing job opportunities and earnings levels in the community" under subdivision 2(1), or "the amount of income a [party] could earn working 30 hours per week at 100 percent of the current federal or state minimum wage, whichever is higher" under subdivision 2(3). Minn. Stat. § 518A.32.

6

Here, the district court found that wife's recent work history indicated that she had only sporadic employment, lacked any higher education or training, and had severe health issues that inhibited her ability to work. This information regarding wife's employment potential and qualifications supports the district court's decision to impute wife's income using subdivision 2(1).

Furthermore, subdivision 2(3) would be an inappropriate method to impute wife's income because the district court found that wife's health issues prevented her from working 30 hours per week. To support his argument that the district court was required to impute wife's income under subdivision 2(3), husband relies on his own equivocal testimony that wife had once "worked maybe" 30-hour weeks as a security guard. However, even if that were true, the district court discredited husband's testimony that wife was *currently capable* of working full time and found that wife's physical ailments limited her to 15-20 hours of work per week.

We conclude that, because the district court had sufficient information to calculate wife's probable earnings level, it did not abuse its discretion by imputing her income under subdivision 2(1).

### 3. The district court properly imputed wife's income using the federal minimum wage.

Husband argues that the district court erred by imputing wife's income using the federal minimum wage because (1) wife brought suit in Minnesota and (2) the legislature intended for district courts to use Minnesota's minimum wage when imputing income under Minn. Stat. § 518A.32, subd. 2(3). We are not persuaded.

Husband's arguments asks us to interpret the language in subdivision 2(3). However, because the parties agree that the district court imputed wife's income under subdivision 2(1),[3] husband's reliance on the language in subdivision 2(3) is misguided. Moreover, under subdivision 2(1), district courts are not required to impute a party's income using Minnesota's minimum wage merely because that party brings suit in Minnesota. Instead, the district court imputes income using the "prevailing job opportunities and earnings levels *in the community*." Minn. Stat. § 518A.32, subd. 2(1) (emphasis added). "In the community" refers to the petitioner's current community, not Minnesota. *See Kuchinski v. Kuchinski*, 551 N.W.2d 727, 729 (Minn. App. 1996) (reversing district court's imputation under prior child-support scheme that relied on evidence of Minnesota employment and remanding for findings to reflect availability of jobs in Kentucky, "[the petitioner's] new 'community'"). Because Georgia represented wife's "community" at the time of trial, the district court properly calculated wife's income using the federal minimum wage.

**B.** **The district court's finding that husband's income included his base pay is supported by the record, but the district court clearly erred by including husband's unvested GI-Bill benefits as part of his income.**

Husband contends that the district court clearly erred by including in his income both his current base pay and his GI-Bill benefits because (1) he was scheduled to retire shortly after the parties' divorce and would no longer receive his base-pay income and

---

[3] This understanding is supported by the district court's calculation of wife's income, which uses 17.5 hours rather than the 30 hours called for under subdivision 2(3).

(2) he had not yet applied for or received his GI-Bill benefits. We agree with husband as to his GI-Bill benefits.

The district court must determine a party's spousal-maintenance obligation based on their income "at the time of trial," not on any speculative or anticipated changes in their income. *Carrick v. Carrick*, 560 N.W.2d 407, 412 (Minn. App. 1997).

As to husband's first argument, the parties do not dispute that, at the time of trial, husband was still receiving his monthly base pay of $5,039 and would continue to receive his base pay through the end of June 2022, two months after the trial. Although husband's imminent retirement may have caused an anticipated change in income, the district court's finding that his income included his Army base pay is supported by the record.

Regarding husband's second argument, counsel for respondent candidly conceded at oral argument that the district court clearly erred by including future GI-Bill benefits in husband's income.[4] Because the GI-Bill benefits were not part of husband's income "at the time of trial," we agree with the parties' assessment. *Id.*

When the district court erroneously calculates a party's income, this court can decline to remand if the error is "de minimis." *Duffney v. Duffney*, 625 N.W.2d 839, 843 (Minn. App. 2001). However, here the disputed $900 represents a significant portion of both father's income and his monthly surplus, and therefore cannot be considered de minimis. *Contra Huckbody v. Freeburg*, 388 N.W.2d 385, 388-89 (Minn. App. 1986) (concluding that $86 deviation from district court's projected monthly income of $2,170

---

[4] We appreciate respondent's counsel's candor to this court during oral argument on this issue.

9

was de minimis). We therefore remand to the district court to recalculate father's spousal-maintenance obligation with GI-Bill benefits excluded from his income.

**II. The district court did not exceed its authority under Minn. R. Civ. P. 52.02.**

Husband argues that, in addressing his motion for amended findings under Minn. R. Civ. P. 52.02, the district court should not have amended provisions of its prior order beyond the "precise portions" identified in his motion. We are not persuaded.

Upon a timely motion for amended findings, the district court "may amend its findings or make additional findings, and may amend the judgment accordingly if judgment has been entered." Minn. R. Civ. P. 52.02. The supreme court has stated that rule 52.02 places no restrictions on a district court's ability to amend its prior findings. *McCauley v. Michael*, 256 N.W.2d 491, 499 (Minn. 1977). Although a party may "choose to challenge only selected findings," by filing a rule 52.02 motion, the party is "in essence asking the [district court] to reexamine all of the evidence in the case to see if [its] initial findings accurately reflect [its] view of that evidence." *Id.* at 500. A party therefore may not "pick and choose" findings that the district court may review in an effort to limit the district court's ability to act, and the district court is free to amend any findings that are warranted by its review of the entire record. *Id.*

Here, husband's rule 52.02 motion sought to remove the arbitration requirement from the provision in the district court's judgment that addressed the parties' stored property, while leaving the remainder of the provision intact. However, because husband's motion allowed the district court to amend any portion of its original judgment under rule

10

52.02, it acted within its discretion by amending both the arbitration requirement and the manner by which the parties' stored property would be divided.

**Affirmed in part, reversed in part, and remanded.**